1  TOMAS E. MARGAIN, Bar No. 193555
   LAW OFFICES OF TOMAS E. MARGAIN
2  1550 Bryant Street, Suite 725
   San Francisco, CA  94103
3  Telephone:    415-861-9600
   Fax:          415-861-9622
4  margainlaw@hotmail.com          E-filing

5
   Attorneys for Plaintiffs
6

7              UNITED STATES DISTRICT COURT
                         FOR THE
8            NORTHERN DISTRICT OF CALIFORNIA          **PVT**
                     SAN JOSE DIVISION
9

10                                        **CV 08        1804**
   JOSE FELIPE RUIZ; CARLOS AGUILAR      Case No.:
11 RIVAS; MARCELINO HERNANDEZ;
   ALEJANDRO AGUILAR; RAMIRO             **COMPLAINT & DEMAND FOR JURY**
12 HERNANDEZ PARRA                       **TRIAL**
                                         Federal FLSA Claim:
13            Plaintiffs,                      1. Failure to pay overtime and
                                         minimum wage: 29 U.S.C. §§ 207, 216(b),
14       vs.                             and 255(a);
                                         California State Claims:
15                                            2. Failure to pay overtime and
   ARMANDO VARGAS                        minimum wages (California Labor Code §§
16                                       510; 1194(a); 1815);
                                              3. Breach of Contract
17            Defendants                       4. Failure to Provide Accurate Pay
                                         Stubs and Records; Submitting False and
18                                       Fraudulent Certified Payroll Records
                                         (California Labor Code §§ 226, 1174, 1776,
19                                       IWC Wage Order No. 16 § 6);
                                              5. Failure to Pay Wages Due at End of
20                                       Employment (California Labor Code §§ 201,
                                         203); and
21                                            6. Violation of California Business
                                         and Professions Code §§ 17200.
22

23                        **NATURE OF CLAIM**

24     1.  This is a action by construction workers who performed labor for Defendant in the craft

25 of Plumbers and who are bringing claims for unpaid wages, unpaid overtime wages, unpaid

                                   1

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    prevailing wages, interest, penalties, damages and attorneys' fees and costs arising out of the

2    failure to pay all wages for labor discharged including but not limited to overtime and minimum

3    wages as required by the Fair Labor Standards Act and California law.  The Plaintiffs seek

4    compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. §

5    216(b) for themselves and other opt-in workers in a representative capacity under the FLSA.

6    Under pendant State Law claims Plaintiffs bring claims for waiting time penalties under

7    California Labor Code § 203, a liquidated damages assessment under California Labor Code §

8    1194.2, penalties under California Labor Code § 226 (wage stub violations), attorney's fees,

9    costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. §

10   216(b).

11       2.  Plaintiffs', including Opt-In Consenters', claims can be summarized as follows:

12       (a) Preliminary and post-liminary labor claims (Overtime FLSA):    When Plaintiffs,

13   including Opt-In Consenters, were employed by Defendants, at various times they were required

14   to show up to the shop and began to perform compensable labor and were not paid until they

15   showed up to a job site.  This included: (1) loading tools, material and equipment; (2) picking

16   up paperwork or having work related meetings; (3) going to various vendors to purchase or pick

17   up tools, material or equipment; and (4) transporting themselves, tools, material or equipment to

18   a job site in a company truck.  At the end of the day, Plaintiffs, including Opt-In Consenters,

19   were not paid for their compensable labor to return the work trucks, materials, tools and

20   themselves to the construction shop.  This leads to overtime and wage claims as Plaintiffs'

21   actual work week was over 40 hours and they were not paid overtime wages.

22

23       (b) Shaving or Reducing Work Hours (Overtime /FLSA): When Plaintiffs, including Opt-

     In Consenters, worked in Prevailing Wage or Public Works projects, they were not paid for all

24   hours worked at the construction job site.  This was done to reduce the rate of pay so that

25

                                              2

workers would be paid at the correct prevailing wage rate for the craft of work they discharged but for a lesser number of hours. This leads to FLSA overtime exposure as Plaintiffs' actual work week of compensable labor was over 40 hours.

(c) <u>Misclassification and Failure to pay prevailing wages (Overtime /FLSA)</u>: Plaintiffs, including Opt-In Consenters, performed labor as plumbers on various Public Works construction projects which require the payment of Prevailing Wages by operation of contract and State Law. On those projects, Defendants failed to pay the Prevailing Wages, for the type or classification of labor Plaintiffs, including Opt-In Consenters, discharged, as determined and disseminated by the State of California's Department of Industrial Relations. This was done by either paying workers the wrong classification to take advantage of a lower pay scale or by failing to pay any recognizable prevailing wage and falsifying Certified Pay records. This leads to FLSA overtime exposure as Plaintiffs' actual work week of compensable labor was over 40 hours.

(d) <u>Paying Salary to Not Pay Overtime Wages</u>: Plaintiffs, including Opt-In Consenters, at various times were paid a lump sum or salary amount and worked overtime hours being over 40-hours in one week (FLSA) and over 8-hours in one day (California Labor Code section 510). As a result, and by operation of law, Plaintiffs, including Opt-In Consenters, are owed time and a half their regular rate for all overtime hours.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

**PARTIES**

5.    Plaintiffs  JOSE FELIPE RUIZ; CARLOS AGUILAR RIVAS; MARCELINO

HERNANDEZALEJANDRO AGUILAR; RAMIRO HERNANDEZ PARRA AND Opt-In

Consenter Plaintiffs were and at all relevant times herein are individuals over the age of

eighteen employed by Defendants, one or all, during the statute of limitations in this action.

6.    Opt-in Consenters are workers who are making similar claims and who have filed Opt-

In Consent Forms to join as Plaintiffs in this action pursuant to the special procedures for

representative actions under the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq.  Said Opt-In

Forms shall be filed with the Court and Plaintiffs reserve the right to file a Motion to Send said

workers Notice of their right to Opt-in to this action.  Attached to this Complaint as Exhibit A

are the Opt-in forms of named Plaintiffs.  Opt-In Consent Forms for other named individuals,

who are asserting claims under the FLSA shall be filed with the Court when received by

Plaintiffs' counsel.

7.    Plaintiffs are informed and believe and therefore allege, that at all times mentioned

herein Defendant ARMANDO VARGAS is engaged in the business of plumbing construction,

maintenance and repair in Northern California with particularity in Monterey, San Benito, Santa

Cruz and Santa Clara counties.   VARGAS runs and operates a dba sole proprietorship known

as QUALITY PLUMBING.

8.    Defendant ARMANDO VARGAS is the owner and license holder, of QUALITY

PLUMBING for licensing purposes with the State of California Contractors State Licensing

Board ("CSLB").

9.    During the employment of Plaintiffs, including Opt-In Consenters, VARGAS at various

times had payroll checks issued by DALRADA FINANCIAL for labor performed for

4

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

1    VARGAS.  Based on information and belief, DALRADA FINANCIAL is a Delaware

2    Corporation which had its corporate status forfeited.

3    ## GENERAL ALLEGATIONS

4    10. VARGAS employed Plaintiffs, including Opt-In Consenters, at all relevant times within

5    the statute of limitations in this action various PREVAILING WAGE PROJECTS and on

6    PRIVATE PROJECTS being construction, service or maintenance repair work does for a

7    private party and not subject to Prevailing Wage laws and obligations.

8    11. VARGAS compensated Plaintiffs, including Opt-In Consenters, for their labor on the

9    PREVAILING WAGE PROJECTS at a rate of pay below the prevailing wage rate of pay for

10   the classification of their labor.  This was accomplished by various schemes including but not

11   limited to: (1) not paying preliminary and postliminary labor; (2) reducing or shaving the

12   number of hours worked on any PREVAILING WAGE PROJECTS; and (3) paying the

13   incorrect prevailing wage rate for the classification of work discharged.

14   12. VARGAS did not compensate Plaintiffs, including Opt-In Consenters, for their labor by

15   making any fringe benefit contributions that could offset the prevailing wage rate of pay for the

16   classification of their labor.

17   13. VARGAS did not compensate Plaintiffs, including Opt-In Consenters, for their labor

18   during their entire employment by paying overtime wages when due and owing.

19   14. VARGAS did not compensate Plaintiffs, including Opt-In Consenters, for their labor by

20   paying for all hours worked ("SHAVING OF HOURS").  Typically VARGAS had Plaintiffs

21   and other workers work show up to the shop before the scheduled start time and had them begin

22   performing compensable labor.  At the end of a work day, when Plaintiffs, including Opt-In

23   Consenters, were out on the field on a construction project, VARGAS stopped paying Plaintiffs,

24   including Opt-In Consenters, for their work and did not pay them for the time it took them to

25

5

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    load tools or equipment, drive back to the shop or be driven back to the shop, and unload tools

2    or equipment.

3        15.   VARGAS misclassified Plaintiffs, including Opt-In Consenters, as Laborers, to pay

4    them a lower pay scale, when they worked as Plumbers and earned a higher pay scale for the

5    discharge of their labor on Prevailing Wage projects.

6        16.   VARGAS employed Plaintiffs, including Opt-In Consenters, and paid them for their

7    labor with checks issued by DALRADA FINANCIAL even though they performed

8    compensable labor for VARGAS and worked earned but un-paid overtime wages while

9    employed by VARGAS

10

11                             **COUNT ONE**
                             **FEDERAL CLAIM**
12                      *Violation of the Fair Labor Standards Act*
                      29 U.S.C. §§ 207, 216(b), and 255(a)
13                  *Failure to Pay Overtime Wages and Minimum Wages*

14       17.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-16 as if fully stated

15   herein.

16       18.   At all relevant times herein, Plaintiffs' employment was subject to the provisions of the

17   Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

18       19.   VARGAS is an individual engaged in commerce or in the production of goods for

19   commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

20       20.   VARGAS routinely required and/or suffered or permitted Plaintiffs, including Opt-In

21   Consenters, to work more than 40 hours per week, sometimes without paying them any wages at

22   all for such overtime work, and routinely without paying them any overtime premium for hours

23   worked in excess of 40 hours per week.

24       21.   VARGAS routinely failed to pay Plaintiffs, including Opt-In Consenters, the prevailing

25   wage for their labor on the PROJECTS which are Public Works Project, pursuant to California

6

1  law, and require the payment of the Prevailing Wage which is a minimum wage of the State of

2  California.

3    22.  In failing to pay Plaintiffs, including Opt-In Consenters, overtime wages at one-and-

4  one-half times their regular rate of pay, including hours for which Plaintiffs, including Opt-In

5  Consenters, received no compensation, and in failing to pay the minimum wage VARGAS

6  willfully violated the FLSA.

7    23.  As a direct and proximate result of defendants' failure to pay proper wages under the

8  FLSA, Plaintiffs, including Opt-In Consenters, incurred general damages in the form of lost

9  overtime wages and lost minimum wages in an amount to be proved at trial.

10    24.  Defendants intentionally, with reckless disregard for their responsibilities under the

11  FLSA, and without good cause, failed to pay Plaintiffs, including Opt-In Consenters, their

12  proper wages, and thus defendants are liable to Plaintiffs, including Opt-In Consenters, for

13  liquidated damages in an amount equal to their lost wages over a three year statute of limitations

14  pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

15    25.  Plaintiffs, including Opt-In Consenters, were required to retain legal assistance in order

16  to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to

17  the FLSA.

18                    **COUNT TWO**
                  **PENDENT STATE CLAIM**
19    *Violation of California Labor Code §§ 510, 1771-1810, 1194, 1194.2 & 1197*
      *Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private*
20                    *Construction Projects*

21    26.  Plaintiffs re-allege and incorporate the allegations of paragraphs 1-25 as if fully stated

22  herein.

23    27.  At all times mentioned herein, Plaintiffs, including Opt-In Consenters, were employed

24  in execution of PROJECTS which was and is subject to the prevailing wage laws of the State of

25  California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on public

7

1   construction projects.  Pursuant to Labor Code §§ 1771 &1774, all employees, including

2   Plaintiffs, including Opt-In Consenters,, hired in execution of PROJECTS, shall be paid for

3   their work on the PROJECTS not less than the general prevailing rate of per diem wages for

4   work of a similar character in the locality in which the public work is performed, and not less

5   than the general prevailing rate of per diem wages for holiday and overtime work.  Said

6   Prevailing Wage rates are disseminated by the State of California's Department of Industrial

7   Relations and pursuant to California laws and Regulations all contractors in the execution of a

8   public works construction project are mandated by law to pay these minimum wages.

9       28. At all times mentioned herein, VARGAS was subject to the prevailing wage laws of the

10  State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken

11  on public works construction projects.  Pursuant to Labor Code §§1771,  1774 and 1815,

12  VARGAS had a duty to pay their employees on such projects, including Plaintiffs who were

13  employed in the execution of the contract of the PROJECTS, not less than one and one-half

14  times their basic prevailing rate of pay for holiday and overtime work, as specified in annual

15  and semi-annual bulletins published by the California Department of Industrial Relations.

16      29. At all times mentioned herein, VARGAS was subject to the overtime wage laws of the

17  State of California pursuant to Labor Code §510, regarding work undertaken on private

18  construction projects. Pursuant to Labor Code §510, VARGAS had a duty to pay their

19  employees, including Plaintiffs, who worked on such private constructions projects not less than

20  the one and one-half times their contractually agreed upon regular rate of pay for non-public

21  works construction projects for all hours worked in excess of 8 hours a day and 40 hours a

22  week.

23      30. Plaintiffs are informed and believe and based thereon contend that for work performed

24  on PROJECTS, they were paid less than the required minimum prevailing rate for non-holiday

25  and non-overtime hours and less than the required minimum prevailing rate for holiday and

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works

2    construction projects they were paid less than one and one-half times their regular rate of pay, or

3    not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by

4    California Labor Code § 510.

5        31. Plaintiffs, including Opt-In Consenters, therefore contend that for their work performed

6    on PROJECTS, VARGAS violated Labor Code §§ 1771, 1774 and 1815, specifically by failing

7    and refusing to comply with the statutory duty to pay Plaintiffs' or to ensure that Plaintiffs,

8    including Opt-In Consenters, be paid, prevailing wages and prevailing wage for holiday and

9    overtime work as required by the contracts and by statute. Plaintiffs, including Opt-In

10   Consenters, also contend that for non-public works construction projects, VARGAS violated

11   Labor Code §510, specifically by failing and refusing to comply with the statutory duty to pay

12   Plaintiffs, including Opt-In Consenters, one and one-half times their regular rate of pay for

13   hours worked in excess of 8 hours a day or 40 hours a week as required by statute.

14       32. Pursuant to Labor Code § 1194, for their work on PROJECTS, Plaintiffs, including Opt-

15   In Consenters, seek as earned but were not paid minimum prevailing wages and required

16   minimum prevailing wage for holiday and overtime work; and for their work on non-pubic

17   works construction projects, Plaintiffs, including Opt-In Consenters, seek as earned but unpaid

18   overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week.

19   Plaintiffs, including Opt-In Consenters, are entitled to and therefore request an award of pre-

20   judgment interest on the unpaid wages set forth herein. Plaintiffs, including Opt-In Consenters,

21   also seek an assessment under Labor Code § 1194.2.

22       33. Plaintiffs, including Opt-In Consenters, have incurred, and will continue to incur,

23   attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys'

24   fees and costs as set by the court pursuant to California Labor Code § 1194.

25

9

## COUNT THREE
### PENDENT STATE CLAIM
### BREACH OF CONTRACT -THIRD PARTY BENEFICIARY

34. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-33 as if fully stated herein.

35.  Plaintiffs are informed and believe and based thereon allege that when they worked on various PROJECTS, there was a written CONTRACT in place, wherein workers on the PROJECTS were to be paid the applicable Prevailing Rate.

36. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS required VARGAS to comply with all applicable legal requirements for work undertaken on public works projects and ensure its subcontractors to comply with all such laws, including payment of prevailing wages pursuant to Labor Code §§ 1194 and 1770 et seq.

37. Except as excused by the wrongful conduct of Defendants, Plaintiffs, including Opt-In Consenters, have performed all conditions required to be performed by Plaintiffs, including Opt-In Consenters, under the CONTRACTS.

38. The CONTRACTS are valid, enforceable, and was entered into with mutuality of contract, by an offer and acceptance, and for consideration.

39. Plaintiffs are informed and believe and based thereon allege that VARGAS breached the CONTRACTS by failing to pay prevailing wages as required by the CONTRACTS, and as required by California law, and by failing to submit truthful and accurate Certified Payroll Records to the public bodies awarding the CONTRACTS. Plaintiffs, including Opt-In Consenters, were damaged by the failure of VARGAS to pay prevailing wages.

40. Plaintiffs have standing as intended third-party beneficiaries of the CONTRACTS to assert said claims.

41. As a result of VARGAS' breach of the CONTRACTS, as more fully set forth herein, Plaintiffs, including Opt-In Consenters, were damaged in an amount to be proved at trial.

COMPLAINT (FLSA; PENDENT STATE CLAIMS)

42. Plaintiffs seek as contractual damages earned but unpaid wages being the difference between the amount paid and the prevailing wage rate as determined by the Director of Industrial Relations.

43. Plaintiffs, including Opt-In Consenters, are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein.

44. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS at issue provided that should a dispute arise in connection with the CONTRACTS that attorneys fees would be awarded to the prevailing party. Plaintiffs, including Opt-In Consenters, have incurred, and will continue to incur attorney fees in the prosecution of this action and therefore demand such reasonable attorneys' fees as set by the court.

## COUNT FOUR
### PENDENT STATE CLAIM
*California Labor Code § 226 & 1174*
*Wage Stubs and Record Keeping*

45. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-44 as if fully stated herein.

46. At all times relevant hereto, VARGAS was subject to the provisions of IWC Wage Order 16-2001, and Labor Code §§ 226 and 1174, which require an employer to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three years; and to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

47. VARGAS knowingly and intentionally failed to provide Plaintiffs, including Opt-In Consenters, with accurate, itemized wage statements in compliance with Labor Code §226.

11

1  Such failures in VARGAS' itemized wage statements included, among other things, not

2  accurately showing the number of all hours worked, including overtime hours, in each pay

3  period and/or incorrectly reporting gross wages earned.

4     48. As a direct result of VARGAS' failure, Plaintiffs, including Opt-In Consenters, were

5  injured and entitled to recover an amount to be proved at trial for actual damages, including that

6  measured by the unpaid wages, of not less than $100.00 for each violation up to $4,000.00.

7     49. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this

8  action.

9  **COUNT FIVE**
**PENDENT STATE CLAIM**
*California Labor Code Section 203*
*Waiting Time Penalties*

10

11     50. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-49 as if fully stated

12  herein.

13     51. At the time Plaintiffs' employment with Defendants was terminated, VARGAS owed

14  Plaintiffs, including Opt-In Consenters, certain unpaid overtime wages as previously alleged,

15  and such wages owed each Plaintiff were ascertainable at the time of termination.

16     52. Failure to pay wages owed at an employee's termination as required by Labor Code

17  §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided

18  for in Labor Code § 203.

19     53. As of this date, VARGAS has failed and refused, and continue to fail and refuse, to pay

20  the amount due, thus making each such defendants liable to Plaintiffs, including Opt-In

21  Consenters, for penalties equal to thirty (30) days wages.

22

23  **COUNT SIX**
**PENDENT STATE CLAIM**
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

24

25

12

1    54. Plaintiffs re-allege and  incorporate the  allegations of paragraphs 1-53 as if fully stated

2    herein.

3    55. At all times relevant herein, Plaintiffs' employment with VARGAS was subject to

4    FLSA, California Labor Code and applicable Wage Orders promulgated by the California

5    Industrial Welfare Commission, which required all employees to be paid certain minimum

6    prevailing wages, overtime for work performed in excess of 40 hours per week or 8 hours per

7    day unless specifically exempted by the law, and also required Plaintiffs, including Opt-In

8    Consenters, to be paid premium pay for missed rest periods.

9    56. At all times relevant herein, the employer of Plaintiffs, VARGAS was subject to the

10    California Unfair Trade Practices Act (California Business and Professions Code § §17000 et

11    seq.), but failed to pay the Plaintiffs, including Opt-In Consenters, certain minimum prevailing

12    wages, overtime pay as required by applicable state and federal laws and failed to pay premium

13    pay for missed meal/rest periods, to all of which Plaintiffs, including Opt-In Consenters, were

14    legally entitled, with VARGAS keeping to himself the amount which should have been paid to

15    Plaintiffs, including Opt-In Consenters.

16    57. In doing so, VARGAS violated California Unfair Trade Practices Act, Business and

17    Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor

18    Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive

19    advantage over other employers and businesses with whom VARGAS was in competition and

20    who were in compliance with the law.

21    58. As a direct and proximate result of VARGAS' violations and failure to pay the required

22    minimum prevailing wages and overtime pay, the Plaintiffs' rights under the law were violated

23    and the Plaintiffs, including Opt-In Consenters, incurred general damages in the form of unpaid

24    wages in amount to be proved at trial.

25

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

59. VARGAS had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs, including Opt-In Consenters, minimum prevailing wages and overtime pay due.

60. Plaintiffs, having been illegally deprived of the minimum prevailing wages and overtime pay to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

61. Plaintiffs bring this count on their own behalf only, and as a claim for restitution, over a four year statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages per for all wages earned but not paid, all overtime wages earned and not paid and the failure to pay Prevailing Wages and applicable fringe benefits which are an item of prevailing wages in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime and minimum wages;

3. For unpaid premium pay for rest periods which were not authorized or permitted;

4. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period premium pay;

5. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid minimum wage under California Labor Code §§ 1194(a);

6. For "waiting-time" penalties under California Labor Code §203.

7. For "liquidated damages" under California Labor Code §1194.2 for the failure to pay minimum wages;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

9. For costs of suit herein;

10.      For actual damages or a statutory penalty for non-compliant wage stubs; and

11.      For such other and further relief as the Court may deem appropriate.

Dated: March 31, 2008

Respectfully submitted,

By: _____
       TOMAS E. MARGAIN
       Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs herein demand trial by jury in this action.

Dated: March 31, 2008

Respectfully submitted,

By: _____
       TOMAS E. MARGAIN
       Attorneys for Plaintiffs

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: March 31, 2008

Respectfully submitted,

By: _____
       TOMAS E. MARGAIN
       Attorneys for Plaintiffs

15

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

# EXHIBIT A

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:            415-861-9622
margainlaw@hotmail.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE FELIPE RUIZ, et al | Case No.: |
| Plaintiffs,<br>vs. | CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT |
| ARMANDO VARGAS<br>Defendant(s) | |

I, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29

U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages,

attorneys' fees, costs and other relief arising out of my employment with ARMANDO VARGAS

and any other associated parties.

I authorize The Law Offices of Tomas Margain and associated attorneys as well as any

successors or assigns, to represent me in such action.

Dated: 3-15-08

By: _____

JOSE FELIPE RUIZ

CONSENT TO SUE UNDER FLSA

1  TOMAS E. MARGAIN, Bar No. 193555
   LAW OFFICES OF TOMAS E. MARGAIN
2  1550 Bryant Street, Suite 725
   San Francisco, CA  94103
3  Telephone:   415-861-9600
   Fax:           415-861-9622
4  margainlaw@hotmail.com

5
   ATTORNEYS FOR PLAINTIFFS
6

7              UNITED STATES DISTRICT COURT

8           FOR DISTRICT OF NORTHERN CALIFORNIA

9                   SAN JOSE DIVISION

10
   JOSE FELIPE RUIZ, et al          Case No.:
11
              Plaintiffs,           CONSENT TO SUE UNDER FAIR LABOR
12      vs.                         STANDARDS ACT

13 ARMANDO VARGAS
              Defendant(s)
14

15     I, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29

16 U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages,

17 attorneys' fees, costs and other relief arising out of my employment with ARMANDO VARGAS

18 and any other associated parties.

19     I authorize The Law Offices of Tomas Margain and associated attorneys as well as any

20 successors or assigns, to represent me in such action.

21

22 Dated: **3/27/08**                    By:

23                                        CARLOS ABUILAR RIVAS

24

25

                              1

CONSENT TO SUE UNDER FLSA

TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:              415-861-9622
margainlaw@hotmail.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE FELIPE RUIZ, et al<br><br>Plaintiffs,<br><br>vs.<br><br>ARMANDO VARGAS<br>Defendant(s) | Case No.:<br><br>CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT |

I, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29

U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages,

attorneys' fees, costs and other relief arising out of my employment with ARMANDO VARGAS

and any other associated parties.

I authorize The Law Offices of Tomas Margain and associated attorneys as well as any

successors or assigns, to represent me in such action.

Dated: 3/27/08                                By: *marcelino Hernandez*

CONSENT TO SUE UNDER FLSA

1

1    TOMAS E. MARGAIN, Bar No. 193555
     LAW OFFICES OF TOMAS E. MARGAIN
2    1550 Bryant Street, Suite 725
     San Francisco, CA  94103
3    Telephone:    415-861-9600
     Fax:          415-861-9622
4    margainlaw@hotmail.com

5

6    ATTORNEYS FOR PLAINTIFFS

7

8                    UNITED STATES DISTRICT COURT

9              FOR DISTRICT OF NORTHERN CALIFORNIA

                        SAN JOSE DIVISION
10

11   JOSE FELIPE RUIZ, et al          | Case No.:

12              Plaintiffs,           | CONSENT TO SUE UNDER FAIR LABOR
          vs.                         | STANDARDS ACT
13
     ARMANDO VARGAS
14              Defendant(s)

15        I, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29

16   U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages,

17   attorneys' fees, costs and other relief arising out of my employment with ARMANDO VARGAS

18   and any other associated parties.

19        I authorize The Law Offices of Tomas Margain and associated attorneys as well as any

20   successors or assigns, to represent me in such action.

21

22   Dated:  3/27/08              By: _____

23                                    ALESANDRO AGUILAR

24

25

                                    1

1  TOMAS E. MARGAIN, Bar No. 193555
2  LAW OFFICES OF TOMAS E. MARGAIN
   1550 Bryant Street, Suite 725
3  San Francisco, CA 94103
   Telephone:    415-861-9600
4  Fax:          415-861-9622
   margainlaw@hotmail.com
5
6  ATTORNEYS FOR PLAINTIFFS
7
                    UNITED STATES DISTRICT COURT
8
              FOR DISTRICT OF NORTHERN CALIFORNIA
9
                        SAN JOSE DIVISION
10

11  JOSE FELIPE RUIZ, et al              Case No.:

12              Plaintiffs,              CONSENT TO SUE UNDER FAIR LABOR
         vs.                            STANDARDS ACT
13
    ARMANDO VARGAS
14           Defendant(s)

15      I, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29

16  U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages,

17  attorneys' fees, costs and other relief arising out of my employment with ARMANDO VARGAS

18  and any other associated parties.

19      I authorize The Law Offices of Tomas Margain and associated attorneys as well as any

20  successors or assigns, to represent me in such action.

21

22  Dated: __3-15-08__              By: _____

23                                       RAMIRO HERNANDEZ PARRA

24

25

                                    1

CONSENT TO SUE UNDER FLSA

JS 44 - No. CALIF  (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Jose Felipe Ruiz; Carlos Aguilar Rivas; Marcelino Hernandez; Alejandro Aguilar; Ramiro Hernandez Parra

**DEFENDANTS**

ARMANDO VARGAS  **PVT-filing**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Monterey

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.   Monterey

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
TOMAS E. MARGAIN, Bar No. 193555
1550 Bryant Street, Suite 725
San Francisco, CA  94103 Telephone:  415-861-9600

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "✕" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✕" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✕" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✕" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  | **PERSONAL PROPERTY** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  | ☐ 370 Other Fraud | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  | ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | ☐ 380 Other Personal Property Damage | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 385 Property Damage Product Liability |  | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: |  |  |
| ☐ 240 Torts to Land | ☐ 442 Employment | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 443 Housing | ☐ 535 Death Penalty |  |  |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,500,000.00    ☐ CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✕" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE  4/3/08    SIGNATURE OF ATTORNEY OF RECORD