"FAX FILE"

RECEIVED
2008 OCT -1 AM 9: 49
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  Douglas M. Larsen, Bar No. 142852
2  FISHMAN, LARSEN, GOLDRING AND ZEITLER
   7112 North Fresno Street, Suite 450
3  Fresno, CA 93720
   Telephone: 559.256.5000
4  Fax: 559.256.5005
   Email: larsen@flgz.net
5

6  Attorneys for Defendant ARMANDO VARGAS

7

8              UNITED STATES DISTRICT COURT

9           FOR NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11  JOSE FELIPE RUIZ; CARLOS AGUILAR       Case No.: 08-CV-01804PVT
    RIVAS; MARCELINO HERNANDEZ;
12  ALEJANDRO AGUILAR; RAMIRO
13  HERNANDEZ PARRA
                                           STIPULATION ALLOWING DEFENDANT
14            Plaintiffs,                   LEAVE TO FILE THIRD-PARTY
                                           COMPLAINT AND |XXXXXXXXXD] ORDER
15        v.
    ARMANDO VARGAS                         [F.R.C.P., Rule 14]
16

17            Defendant

18

19      Pursuant to Federal Rules of Civil Procedure, Rule 14, the parties submit the following

20  Stipulation, seeking leave to file the proposed Third-Party Complaint attached as Exhibit "A".

21      WHEREAS, the present lawsuit was filed on or about April 3, 2008, by JOSE FELIPE

    RUIZ, CARLOS AGUILAR RIVAS, MARCELINO HERNANDEZ, ALEJANDRO AGUILAR

    and RAMIRO HERNANDEZ PARRA (hereinafter "Plaintiffs") against Defendant ARMANDO

    VARGAS ("Mr. Vargas");

- 1 -

1    WHEREAS, Plaintiffs seek damages for allegedly unpaid overtime compensation and

2  other wages and for penalties associated with the non-payment of wages arising under federal

3  and California law;

4    WHEREAS, Mr. Vargas filed an answer on or about May 12, 2008, denying Plaintiffs'

5  allegations and requesting a jury trial;

6    WHEREAS, at all times alleged in the complaint, Mr. Vargas was doing business as

QUALITY PLUMBING;

7    WHEREAS, Mr. Vargas filed a complaint (a true and correct copy of which is attached

8  as Exhibit "B") in Monterey County Superior Court, case number M 89632 (the "Monterey

9  County Lawsuit"), seeking, *inter alia*, to quiet title to certain real properties and also a

10  declaration regarding the respective rights between Mr. Vargas and EDITH M. SAUNO ("Mrs.

11  Sauno") as to the ownership of QUALITY PLUMBING;

12    WHEREAS, on or about April 3, 2008, Mrs. Sauno filed a verified pleading in the

13  Monterey County Lawsuit (a true and correct copy of which is attached as Exhibit "C"), in which

14  she alleged that she was a co-owner of QUALITY PLUMBING;

15    WHEREAS, the parties, through their counsel, have met and conferred, and agree that

16  good cause exists to permit Mr. Vargas leave to file a Third-Party Complaint against Mrs. Sauno

pursuant to Federal Rules of Civil Procedure, Rule 14, seeking a determination regarding the

17  amounts that Mrs. Sauno, if any, should be held liable if Mr. Vargas is found liable in the present

18  lawsuit;

19    WHEREAS,  A proposed Third-Party Complaint against Mrs. Sauno is attached as

20  Exhibit "A" and incorporated by reference;

21  ///

///

22  ///

///

23  ///

///

24  ///

25  ///

01804 PVT                                          08-CV-

STIPULATION ALLOWING DEFENDANT LEAVE TO FILE THIRD-PARTY COMPLAINT AND [PROPOSED] ORDER
Ruiz, et al. v. Vargas

1    **IT IS HEREBY STIPULATED** by and between Plaintiffs and Mr. Vargas, through their

2    respective counsel, as follows:

3          1.    Mr. Vargas shall have leave to file and serve his proposed Third-Party Complaint

4    against Mrs. Sauno.

5          2.    This Stipulation may be signed in counterparts, and a facsimile signature shall

6    have the same force and effect as an original signature.

7          **FOR PLAINTIFFS**                    **LAW OFFICES OF TOMAS E.**
                                                 **MARGAIN**
8

9

10   DATED:    September 29, 2008        By: _____
                                             Tomas E. Margain
11

12         **FOR DEFENDANT**                     **FISHMAN, LARSEN, GOLDRING**
                                                 **AND ZEITLER**
13

14

15   DATED:   9/29/08                    By: _____
                                             Douglas M. Larsen
16

17         **IT IS SO ORDERED**

18

19

20   DATED: _____October 2, 2008_____       *Patricia V. Trumbull*
                                            Hon. Patricia V. Trumbull
21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

# EXHIBIT A

Douglas M. Larsen #142852
FISHMAN, LARSEN, GOLDRING & ZEITLER
7112 North Fresno Street, Suite 450
Fresno, California 93720
559-256-5000
559-256-5000
larsen@flgz.net

Attorneys for: Defendant ARMANDO VARGAS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARMANDO VARGAS, an individual, | Case No.: 08-CV-01804-PVT |
| Third-Party Plaintiff, | **THIRD-PARTY COMPLAINT FOR DECLARATORY RELIEF AND INDEMNIFICATION** |
| EDITH R. SAUNO, an individual, | |
| Third-Party Defendant. | **Demand for Jury Trial** |

Third-Party Plaintiff alleges as follows:

1.      JOSE FELIPE RUIZ, CARLOS AGUILAR RIVAS, MARCELINO HERNANDEZ, ALEJANDRO AGUILAR, and RAMIRO HERNANDEZ PARRA ("Plaintiffs") have filed a complaint against Defendant ARMANDO VARGAS ("VARGAS"), a copy of which is attached hereto as Exhibit "A" and incorporated by reference.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction of the subject matter of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. sections 201 et. seq. and the pendent jurisdiction over the state law claims.

3.      This Court is a proper venue because the events giving rise to this lawsuit have occurred in this District.

1

## PARTIES

4.    VARGAS is, and at all times mentioned was, an individual residing in Monterey County, California. At all times herein alleged, VARGAS was conducting business as QUALITY PLUMBING.

5.    Third-Party Defendant EDITH R. SAUNO ("SAUNO") is, and at all times was, an individual residing in Monterey County, California.

## GENERAL ALLEGATIONS

6.    Plaintiffs' complaint seeks damages (in an amount to be determined at trial) for the alleged failure of VARGAS to pay wages to Plaintiffs, including overtime wages, prevailing wages, and associated penalties under federal and state law.

7.    If Plaintiffs sustained damages as alleged in their complaint, these damages were caused, entirely or in part, by SAUNO.

8.    Commencing on or about 1999, VARGAS commenced business as QUALITY PLUMBING with his current principal place of business at 352 Griffin Street, Salinas, California. VARGAS was a Mexican immigrant with limited English skills.

9.    Commencing on or about 1999, VARGAS employed SAUNO as his Controller. VARGAS relied upon SAUNO in her capacity as Controller to handle the finances and the day-to-day business operations. SAUNO owed VARGAS fiduciary duties as Controller of QUALITY PLUMBING.

10.    On or about March 10, 2008, VARGAS initiated a lawsuit against SAUNO in the Monterey County Superior Court, case number M 89632, seeking, *inter alia*, to quiet title to certain real properties and a declaration regarding the respective rights between VARGAS and SAUNO as to the ownership of QUALITY PLUMBING.

11.    On or about April 3, 2008, SAUNO filed a verified cross-complaint against VARGAS in the case pending in Monterey County Superior Court, case number M 89632, alleging, *inter-alia*, that she was a co-owner of QUALITY PLUMBING.

12.    At all times alleged in Plaintiffs' complaint, SAUNO handled the payment of employees' wages, including the Plaintiffs' allegedly unpaid wages.

2

**THIRD PARTY COMPLAINT**

13.    VARGAS alleges that SAUNO negligently and/or intentionally failed to pay Plaintiffs' owed wages.  SAUNO knew, or should have known, that wages were due and owing to Plaintiffs.

14.    Any sums owed to Plaintiffs stemming from their complaint were caused, in whole or part, by SAUNO's negligence.

15.    An actual controversy has arisen and now exists between VARGAS and SAUNO regarding the following:

a.    That, as between VARGAS and SAUNO, responsibility, if any, for the damages claimed by Plaintiffs herein rests entirely or partially on SAUNO, who claims to be an owner of QUALITY PLUMBING;

b.    Whether, SAUNO is a co-owner of QUALITY PLUMBING; and

c.    As a result, whether SAUNO is obligated to partially or fully indemnify VARGAS for any sums that VARGAS may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiffs against VARGAS.

16.    VARGAS desires a judicial determination of the respective rights and duties of VARGAS and SAUNO with respect to the damages claimed in Plaintiffs' complaint.  In particular, VARGAS desires a declaration of the comparative liability of VARGAS and SAUNO for these damages, and a declaration of SAUNO's responsibility for comparative indemnity to VARGAS for any sums that VARGAS may be compelled to pay and for which SAUNO is determined responsible, entirely or in part.

17.    Such a declaration is necessary and appropriate at this time in order that VARGAS may ascertain his rights and duties with respect to Plaintiff's claim for damages.  Furthermore, the claims of the Plaintiffs and the claim of VARGAS arise out of the same transaction, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if VARGAS is required now to defend against the claim of Plaintiff and then bring a separate action against SAUNO for indemnification of sums that she may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiffs against VARGAS.

**THIRD PARTY COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, VARGAS prays judgment against SAUNO as follows:

1. For a judicial determination of the comparative fault of VARGAS and SAUNO for the damages claimed by Plaintiffs, if any are found to exist, to determine whether SAUNO is jointly and/or severally liable;

2. For a declaration of the amount that SAUNO is obligated to indemnify VARGAS if VARGAS is compelled to pay any sum as the result of any damages, judgment, or other awards recovered by Plaintiff against VARGAS;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

Dated: September 22, 2008          FISHMAN, LARSEN, GOLDRING & ZEITLER

BY:_____
Douglas M. Larsen
Attorneys for Defendant/Third-Party Plaintiff
ARMANDO VARGAS

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: September 22, 2008          FISHMAN, LARSEN, GOLDRING & ZEITLER

BY:_____
Douglas M. Larsen
Attorneys for Defendant/Third-Party Plaintiff
ARMANDO VARGAS

4

# EXHIBIT B

1  Douglas M. Larsen, No. 142852
2  Joshua S. Daniels, No. 222928
   FISHMAN, LARSEN, GOLDRING & ZEITLER
3  7112 North Fresno Street, Suite 450
   Fresno, California 93720
4  (559) 256-5000
   (559) 256-5005 fax
5

6  Attorneys for: Plaintiff ARMANDO VARGAS

**FILED**

MAR 10 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINEEN DEPUTY

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY

9                              MONTEREY DIVISION

10

11  ARMANDO VARGAS, an individual dba       )   Case No.:      **M 89632**
    QUALITY PLUMBING                         )
12                                           )   **VERIFIED COMPLAINT FOR:**
                Plaintiff,                   )
13                                           )   1. **CANCELLATION OF DEED;**
14             vs.                           )   2. **QUIET TITLE;**
                                             )   3. **CONVERSION;**
15  EDITH R. SAUNO, an individual; ALBERTO   )   4. **FRAUD;**
    H. SAUNO, an individual; and DOES 1      )   5. **BREACH OF FIDUCIARY DUTY;**
16  through 200, inclusive,                   )   6. **DISSOLUTION OF PARTNERSHIP;**
                                             )   7. **SPECIFIC PERFORMANCE;**
17                                           )   8. **NEGLIGENCE;**
                Defendants                   )   9. **DECLARATORY RELIEF;**
18                                           )   10. **DECLARATORY RELIEF.**
19                                           )

20

21  Plaintiff ARMANDO VARGAS alleges as follows:

22          1.      Plaintiff ARMANDO VARGAS ("Plaintiff") is, and at all times herein relevant

23  was, an individual residing in Monterey County, California. Plaintiff is doing business as

24  QUALITY PLUMBING, with his principal business address at 352 Griffin Street, Salinas

25  California.

26          2.      Plaintiff is informed and believes, and thereon alleges, that Defendant EDITH R.

27  SAUNO ("Sauno") is an individual residing in Monterey County, California.

28

1

**COMPLAINT**

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant ALBERTO H. SAUNO is an individual residing in Monterey County, California.

4.    Plaintiff is informed and believes, and thereon alleges, that this court is the proper venue for the trial of this action because the real property that is the subject of this action lies within the County of Monterey, State of California, and all actions and events herein alleged occurred within the County of Monterey, State of California.

5.    Plaintiff does not know the true names and capacities of the Defendants sued herein under the fictitious names of Does 1 through 200, inclusive, and therefore such them by fictitious names. Plaintiff will amend this complaint to show the true names and capacities once they have been ascertained.

6.    Plaintiff is informed and believes, and thereon alleges, that, except where otherwise alleged, each of the Defendants, including the fictitiously named DOES, were at all times relevant hereto the agent, employee, or representative of the remaining Defendants and were acting at least in part within the course and scope of such relationship, and each Defendant ratified the acts of its agents.

## BACKGROUND ALLEGATIONS

7.    Commencing on or about 1999, Plaintiff commenced business as QUALITY PLUMBING with his current principal place of business at 352 Griffin Street, Salinas, California. Plaintiff was a Mexican immigrant with limited English skills.

8.    Commencing on or about 1999, Plaintiff employed SAUNO as the Controller of QUALITY PLUMBING. Plaintiff relied upon SAUNO in her capacity as Controller to handle QUALITY PLUMBING's finances and its day-to-day business operations.

9.    Commencing on or about November of 2001, Plaintiff and SAUNO became general partners in V&S ENTERPRISES, with their current principal place of business at 352 Griffin Street, Salinas, California.

10.    On or about November 9, 2007, Plaintiff and SAUNO entered into a written agreement to dissolve V&S ENTERPRISES. A true and correct copy of the written agreement is attached hereto as Exhibit "A" and incorporated by reference herein.

2

COMPLAINT

11.    Pursuant to the terms of Exhibit "A," Plaintiff and SAUNO agreed that Plaintiff would retain real property located at 352 Griffin Street (the "Griffin Property"), which is located in Monterey County.

12.    Pursuant to the terms of Exhibit "A," Plaintiff and SAUNO agreed that SAUNO would retain real property located at 28 W. Lamar Street (the "Lamar Property") and real property located at 24 W. Curtis Street (the "Curtis Property"), both of which are located in Monterey County.

13.    Plaintiff is presently in physical possession of the Griffin Property.

## FIRST CAUSE OF ACTION

### (Cancellation of Deed--Against EDITH R. SAUNO and ALBERTO H. SAUNO)

14.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 13 as if fully set forth herein.

15.    There is in existence a certain written instrument that purports to be a deed to the Griffin Property (the "Deed"), more particularly described in the Deed. The form and contents of the purported Deed are as set out in the copy that is attached hereto as Exhibit "B" and made a part of this complaint by reference.

16.    On or about November 20, 2007, SAUNO falsely and fraudulently represented to Plaintiff that the purported Deed was to convey title of the Griffin Property from V&S ENTERPRISES to Plaintiff.

17.    The representations made by SAUNO were in fact false. The true facts were that SAUNO prepared the purported Deed to convey title of the Griffin Property from V&S ENTERPRISES to herself and to her husband, ALBERTO SAUNO.

18.    When SAUNO made these representations, she knew them to be false, and these representations were made by SAUNO with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to execute the purported Deed attached hereto as Exhibit "B".

19.    Prior to and at the time the representations were made by SAUNO and the Deed executed by Plaintiff, SAUNO was Plaintiff's business partner, and Plaintiff relied upon SAUNO for business advice.

3

COMPLAINT

20.  At the time these representations were made by SAUNO and at the time Plaintiff executed the Deed, Plaintiff was ignorant of the falsity of SAUNO's representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did execute the Deed. Had Plaintiff known the actual facts, he would not have executed the Deed. Plaintiff's reliance on SAUNO's representations was justified because Plaintiff relied upon SAUNO as his business partner.

21.  As a result of these representations, Plaintiff has been, and continues to be, wrongfully deprived of the real property purportedly conveyed by the Deed.

22.  On November 30, 2007, the purported Deed was recorded in the Official Records of the County of Monterey as Instrument Number 2007089925. If the recorded Deed is left outstanding, Plaintiff may lose his property to a purchaser from SAUNO and ALBERTO SAUNO for value and without notice of the Deed's invalidity.

23.  The conduct of SAUNO in procuring the Deed and dispossessing Plaintiff of the Griffin Property was willful and was intended to injure Plaintiff and to deprive Plaintiff of the property purportedly conveyed by the Deed. Plaintiff therefore seeks exemplary and punitive damages.

## SECOND CAUSE OF ACTION

### (Quiet Title--Against EDITH R. SAUNO and ALBERTO H. SAUNO)

24.  Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 23 as if fully set forth herein.

25.  Plaintiff is, and at all times herein mentioned was, the owner in fee simple and in possession and control of that real property situated in Monterey County, California, known as 352 Griffin Street, Salinas, California 93901 and more particularly described as follows: Assessor's Parcel Number 003-041-022.

26.  Plaintiff is informed and believes, and thereupon alleges, that SAUNO claims some right, title, estate, lien, or interest in and to the lands of Plaintiff as described in this complaint, based upon the purported Deed which is attached hereto as Exhibit "B".

27.    Plaintiff is seeking to quiet title against all adverse claims of SAUNO and ALBERTO SAUNO as of the date of filing this present action.

## THIRD CAUSE OF ACTION

### (Conversion--Against EDITH R. SAUNO)

28.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.    At all times herein mentioned, and in particular from approximately 1999 until the present, Plaintiff was, and still is, doing business as QUALITY PLUMBING.

30.    At all times herein mentioned, and in particular from approximately 1999 until November 9, 2007, SAUNO was employed by Plaintiff as the Controller of QUALITY PLUMBING.  As Controller, SAUNO had access to and control of QUALITY PLUMBING's finances, including bank accounts, and SAUNO was authorized, among other things, to deposit revenues into QUALITY PLUMBING's bank accounts; pay QUALITY PLUMBING's expenses, and issue payroll expenditures on behalf of QUALITY PLUMBING to its employees.

31.    At all times herein mentioned, and in particular from approximately 1999 until November 9, 2007, SAUNO took, embezzled, and converted unauthorized monies from Plaintiff's possession for her own use, and for the use of her family members and friends. Plaintiff is informed and believes, and thereupon alleges, that the unauthorized conversions exceed Three Hundred Thousand Dollars ($300,000.00).

32.    SAUNO's acts alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Intentional Fraud and Deceit--Against EDITH R. SAUNO)

33.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 32 as if fully set forth herein.

34.    At all times herein mentioned, SAUNO was the employee of Plaintiff at QUALITY PLUMBING and SAUNO was Plaintiff's business partner in V&S ENTERPRISES.

35.   At all times herein mentioned, V&S ENTERPRISES was the owner of the Griffin Property.

36.   On or about November 9, 2007, Plaintiff and SAUNO entered into a written agreement to dissolve V&S ENTERPRISES. A true and correct copy of the written agreement is attached hereto as Exhibit "A" and incorporated by reference herein.

37.   Pursuant to the terms of Exhibit "A," Plaintiff and SAUNO agreed that Plaintiff would retain the Griffin Property, which is located in Monterey County.

38.   On or about November 20, 2007, SAUNO prepared, or had prepared, the Deed, the form and contents of which are attached hereto as Exhibit "B" and made a part of this complaint by reference.

39.   On or about November 20, 2007, SAUNO falsely and fraudulently represented to Plaintiff that the purported Deed was to convey title of the Griffin Property from V&S ENTERPRISES to Plaintiff.

40.   The representations made by SAUNO were in fact false. The true facts were that SAUNO prepared the purported Deed to convey title of the Griffin Property from V&S ENTERPRISES to herself.

41.   When SAUNO made these representations, she knew them to be false, and these representations were made by SAUNO with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to execute the purported Deed attached hereto as Exhibit "B".

42.   Prior to and at the time the representations were made by SAUNO and the Deed executed by Plaintiff, SAUNO was Plaintiff's business partner, and Plaintiff relied upon SAUNO for advice.

43.   At the time these representations were made by SAUNO and at the time Plaintiff executed the Deed, Plaintiff was ignorant of the falsity of SAUNO's representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did execute the Deed. Had Plaintiff known the actual facts, he would not have executed the Deed. Plaintiff's reliance on SAUNO's representations was justified because Plaintiff relied upon SAUNO as his business partner in V&S ENTERPRISES.

6

44.     As a result of these representations, Plaintiff has been, and continues to be, wrongfully deprived of the real property purportedly conveyed by the Deed.

45.     The conduct of SAUNO in procuring the Deed and dispossessing Plaintiff of the Griffin Property was willful and was intended to injure Plaintiff and to deprive Plaintiff of the property purportedly conveyed by the Deed. Plaintiff therefore seeks exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty--Against EDITH R. SAUNO)

46.     Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 45 as if fully set forth herein.

47.     At all times herein mentioned, and in particular from approximately 1999 until November 9, 2007, SAUNO owed Plaintiff fiduciary duties as Controller of QUALITY PLUMBING and as Plaintiff's partner in V&S ENTERPRISES.

48.     At all times herein mentioned, and in particular from approximately 1999 until November 9, 2007, SAUNO took, embezzled, and converted unauthorized monies from QUALITY PLUMBING and V&S ENTERPRISES for her own use, and for the use of her family members and friends. SAUNO also fraudulently transferred the Griffin Property from V&S ENTERPRISES to herself and to her husband. SAUNO breached her fiduciary duties to Plaintiff as Controller of QUALITY PLUMBING and as Plaintiff's partner in V&S ENTERPRISES.

49.     As a proximate result of SAUNO's breach of his fiduciary duties, Plaintiff has suffered, and continues to suffer, losses in an amount to be established at trial.

50.     SAUNO's acts alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

///

///

///

7

**SIXTH CAUSE OF ACTION**

**(Dissolution of Partnership and Accounting--Against EDITH R. SAUNO)**

51.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 50 as if fully set forth herein.

52.    Since the commencement of V&S ENTERPRISES, SAUNO has misappropriated sums of money from partnership funds to her own use, without Plaintiff's knowledge, approval, or consent.

53.    Plaintiff is entitled to dissolution of V&S ENTERPRISES by court decree, pursuant to subdivision (B) of Corporations Code section 16801(5), SAUNO has engaged in conduct relating to partnership business that makes it not reasonably practicable to carry on the business in the partnership.

54.    Plaintiff is informed and believes, and thereupon alleges, that SAUNO is in possession of partnership books, assets, and accounts.  The amount of partnership assets and liabilities is presently unknown to Plaintiff and cannot be ascertained without an accounting of profits and losses that occurred during the operation of the partnership business.

55.    Plaintiff hereby demands an accounting to settle accounts and divide partnership assets and liabilities.

**SEVENTH CAUSE OF ACTION**

**(Specific Performance of Contract--Against EDITH R. SAUNO)**

56.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 55 as if fully set forth herein.

57.    On or about November 9, 2007, in Salinas, Monterey County, California, Plaintiff and SAUNO entered into a written agreement, a copy of which is attached hereto as Exhibit "A" and incorporated by reference.

58.    The consideration set forth in the agreement was the fair and reasonable value of the transfers of real property at the time the agreement was entered into and the contract is, as to SAUNO, just and reasonable.

8

Case 5:08-cv-04384-PSG Document 19   Filed 10/02/2008   Page 18 of 84

59.     Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

60.     SAUNO has failed and refused, and continues to fail and refuse, to perform the conditions of the contract on her part in that she refuses to transfer 352 Griffin Street to Plaintiff as required in Exhibit "A".

61.     For the reasons heretofore stated, Plaintiff has no adequate legal remedy in that the dispute involves real property and Plaintiff demands specific performance of the contractual terms of Exhibit "A".

62.     Plaintiff is informed and believes, and thereupon alleges, that SAUNO fraudulently filed the change-in-ownership statement required by Revenue and Taxation Code section 480 for this transaction with the County Recorder or Assessor of Monterey County on or about November 9, 2007.

## EIGHTH CAUSE OF ACTION

### (Negligence--Against EDITH R. SAUNO)

63.     Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 62 as if fully set forth herein.

64.     As Plaintiff's employee at QUALITY PLUMBING, SAUNO owed a duty of care to Plaintiff to refrain from activity which would harm Plaintiff.  Such a duty is statutorily prescribed in Labor Code sections 2854, 2861, and 2865.

65.     At all times herein alleged, SAUNO breached her duty to Plaintiff when she negligently allowed monies to transfer from QUALITY PLUMBING for her own use, and for the use of her family members and friends.  SAUNO specifically breached Labor Code section 2861

66.     As a direct and legal result of the negligence of SAUNO, Plaintiff was damaged in an amount to be established at trial.

///

///

///

9

COMPLAINT

## NINTH CAUSE OF ACTION

### (Declaratory Relief--Against EDITH R. SAUNO)

67.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 66 as if fully set forth herein.

68.    An actual controversy has arisen and now exists among Plaintiff, SAUNO and ALBERTO SAUNO concerning their respective rights and duties regarding ownership and possession of the Griffin Property. SAUNO and ALBERTO SAUNO contend that they are the owners of the Griffin Property, whereas Plaintiff disputes these contentions.

69.    On or about February 7, 2008, SAUNO caused a Notice of Termination of Tenancy to be served upon Plaintiff. Attached hereto as Exhibit "C" is a true and correct copy of the Notice of Termination of Tenancy.

70.    Plaintiff dba QUALITY PLUMBING is in present possession of the Griffin Property.

71.    Plaintiff desires a judicial determination of his rights and duties, and a declaration as to whether Plaintiff must vacate the Griffin Property.

72.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties regarding the obligations, if any, he owes to SAUNO regarding the Griffin Property.

## TENTH CAUSE OF ACTION

### (Declaratory Relief--Against EDITH R. SAUNO)

73.    Plaintiffs refer to and incorporate by this reference all of the allegations of paragraphs 1 through 72 as if fully set forth herein.

74.    On or about November 9, 2007, SAUNO drafted that certain written document which purports to be a settlement agreement between SAUNO and Plaintiff. A true and correct copy of the November 9, 2007, agreement is attached hereto as Exhibit "D" and incorporated by reference herein.

75.    An actual controversy has arisen and now exists between Plaintiff and SAUNO concerning their respective rights and duties regarding Exhibit "D" in that SAUNO contends that

10

COMPLAINT

Exhibit "D" is an enforceable contract, whereas Plaintiff disputes that Exhibit "D" has any validity in light of the discovered fraudulent and tortuous acts of SAUNO as alleged in this complaint.

76.     Plaintiff desires a judicial determination of his rights and duties, and a declaration as to whether Exhibit "D" is a legally binding document as to and between SAUNO and Plaintiff.

77.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties regarding the obligations, if any, he owes to SAUNO under Exhibit "D".

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**On the FIRST CAUSE OF ACTION:**

1.     For a declaration that the purported deed is void;

2.     That EDITH SAUNO and ALBERTO SAUNO deliver the purported deed forthwith to the clerk of the court for cancellation;

3.     For costs of suit incurred herein;

4.     For exemplary or punitive damages in a sum to be established at trial;

5.     For such other further relief as the court may deem proper.

**On the SECOND CAUSE OF ACTION:**

1.     For judgment that Plaintiff is the owner in fee simple of the Griffin Property and that defendants, including but not limited to EDITH SAUNO and ALBERTO SAUNO, have no interest in the Griffin Property adverse to the Plaintiff;

2.     For costs of suit incurred herein;

3.     For such other further relief as the court may deem proper.

**On the THIRD CAUSE OF ACTION:**

1.     For the recovery of special damages in a sum to be established at trial;

2.     For prejudgment interest on the principal sum as allowed by law;

3.     For post judgment interest on the principal sum as allowed by law;

4.    For costs of suit incurred; and

5.    For any further relief as the court may deem proper.

**On the FOURTH CAUSE OF ACTION:**

1.    For general damages in a sum to be established at trial;

2.    For special damages in a sum to be established at trial;

3.    For punitive damages in an amount appropriate to punish SAUNO and deter others from engaging in similar misconduct;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the court may deem proper.

**On the FIFTH CAUSE OF ACTION:**

1.    For general damages in a sum to be established at trial;

2.    For special damages in a sum to be established at trial;

3.    For punitive damages in an amount appropriate to punish SAUNO and deter others from engaging in similar misconduct;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the court may deem proper.

**On the SIXTH CAUSE OF ACTION:**

1.    For an order that V&S ENTERPRISES be dissolved;

2.    For an accounting of partnership affairs from November 21, 2001, to the present so that the account be settled between Plaintiff and EDITH SAUNO and that Plaintiff have judgment against EDITH SAUNO for whatever sums may be found due and owing to Plaintiff under the accounting;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as the court may deem proper.

**On the SEVENTH CAUSE OF ACTION:**

1.    That EDITH SAUNO and ALBERTO SAUNO be ordered to execute and deliver to Plaintiff a sufficient conveyance of the property described herein;

12

**COMPLAINT**

Case 5:08-cv-01084-PSG   Document 19   Filed 10/02/2008   Page 22 of 84

2.      For costs of suit herein incurred; and

3.      For such other and further relief as the court may deem proper.

**On the EIGHTH CAUSE OF ACTION:**

1.      For general and special damages in an amount to be established at trial;

2.      For costs of suit herein inured;

3.      For interest as permitted by law;

4.      For such other and further relief as is permitted by law and which the court may deem proper.

**On the NINTH CAUSE OF ACTION:**

1.      For a declaration that EDITH SAUNO is not an owner of QUALITY PLUMBING;

2.      For costs of suit herein incurred; and

3.      For such other and further relief as the court may deem proper.

**On the TENTH CAUSE OF ACTION:**

1.      For a declaration that Exhibit "D" is void, voidable, or otherwise of no legal effect as to Plaintiff;

2.      For costs of suit herein incurred; and

3.      For such other and further relief as the court may deem proper.

Dated: March 4, 2008            FISHMAN, LARSEN, GOLDRING & ZEITLER

BY:_____
          Joshua S. Daniels,
          FISHMAN, LARSEN, GOLDRING & ZEITLER,
          Attorneys for Plaintiff, ARMANDO VARGAS

13

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF MONTEREY**

I have read the foregoing *VERIFIED COMPLAINT for 1. Cancellation Of Deed; 2. Quiet Title; 3. Conversion; 4. Fraud; 5. Breach Of Fiduciary Duty; 6. Dissolution Of Partnership; 7. Specific Performance; 8. Negligence; 9. Declaratory Relief; 10. Declaratory Relief* and know its contents.

I am the Plaintiff in this action. The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this __4th__ day of March, 2008, at Salinas, California.

Armando Vargas

VERIFICATION

Case 3:06-cv-01494-T-SC Document 19   Filed 10/02/2008   Page 24 of 84

**V & S Enterprizes**

1) Dissolution of Partnership

2) Closing of Bank Accounts

3) Release of Property ownership and loans
   Armando will retain 352 Griffin Street
   Edith will retain 28 W. Lamar Street.
   & 24 W. Curtis Street


_____
**ARMANDO VARGAS**

_____
**DATE**  11/9/07


_____
**EDITH SAUNO**

_____
**DATE**  11-09-2007

SEP-30-2009 THU 02:04 PM FISHMAN LARSEN GOLDRING    FAX NO. 559 256-5005    P. 27

RECORDING REQUESTED BY:

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
Filer

CRSUSY
11/30/2007
14:20:47

Order #:
APN #: 003-041-021
003-041-022

WHEN RECORDED MAIL TO

Alberto H. & Edith R. Seuno
224 Paseo Galeria
San Juan Bautista, CA 95045

DOCUMENT: 2007086925  Titles: 1/ Pages:  3

Fees.... 14.00
Taxes...
Other... 2.00
AMT PAID 816.43

SPACE ABOVE THIS LINE FOR RECORDERS USE

**PARTNERSHIP**  **Grant Deed**

The undersigned grantor(s) declare(s):
Documentary transfer tax is $0.00    Dissolution of Partnership
[X] computed on full value of property conveyed, or
[ ] computed on full value less of liens and encumbrances remaining at time of sale.
[ ] Unincorporated area:    [X] City of Salinas

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
V&S Enterprises, A California General Partnership

hereby GRANT(S) to
Edith R. Seuno and Alberto H. Seuno, Wife and Husband as Joint Tenants

that property in City of Salinas, Monterey County, State of California, described as:
See "Exhibit A" attached hereto and made a part hereof.

Mail Tax Statements to    Grantee at address above

Date    November 16, 2007

Edith R. Seuno, Partner

State of    California
County of    Monterey

On November 20, 2007    before me,
Gladys Jimenez Alegre
a Notary Public in and for said State, personally appeared
Edith R. Seuno and Armando Vargas, PARTNERS

Armando Vargas, Partner

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf  of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

Name    Gladys Jimenez Alegre
(typed or printed)

[This area for official notarial seal]

MAIL TAX STATEMENTS AS DIRECTED ABOVE

Case 3:09-cv-00454-PSC Document 19  Filed 10/02/2008 Page 28 of 84

SEP-30-2008 TUE 03:04 PM FISHMAN LARSEN&GOLDRING     FAX NO. 559 258 5005     P. 30
Case 5:07-cv-04808-PSG Document 19  Filed 10/06/2008 Page 29 of 84

Feb. 7. 2008  3:46PM   QUALITY PLUMBING                          No. 7171   P. 2



RECEIVED FEB 0 7 2008

LAWRENCE E. BIEGEL

CRISTINA ALMADA BIEGEL

VICTORIA SCHUMMER-KLIENKOTT

JOSEPH A. CISNEROS

# NOTICE OF TERMINATION OF TENANCY

[Civ. Code § 1946]

To: Armando Vargas, Owner of Quality Plumbing
    and Quality Plumbing
352 Griffin Street
Salinas, CA 93901

    **NOTICE IS HEREBY GIVEN** that your tenancy of the premises at 352 Giffin Street, Salinas, CA 93901 is terminated as of 30 days after the date of service of this notice on you not counting the date you were served and that you must vacate the premises on or in your sole discretion before that date or you will be guilty of an unlawful detention of the premises. This notice is given in accordance with the provisions of Civil Code Section 1946.

    If you fail to deliver up possession within the aforementioned 30 day period, legal proceedings will be commenced against you to recover possession and to recover a judgment for (statutory) damages for each day you hold possession beyond the 30 day period.

    Rent in the is due and payable through the end of the 30 day period.

Dated: February 7, 2008

                                          *Joseph A. Cisneros*
                                Joseph A. Cisneros
                                Attorney for Edith Sauno

11/9/2007

From:  Edith Sauno

To:  Armando Vargas

1)  Transfer all accounts payable under Edith Sauno to Quality Plumbing.

2)  Release of all accounts payable under Edith Sauno's name to
    Armando Vargas.

3)  Written notice to all Customers.

4)  Written notice to all Vendors.

5)  Closing of joint bank accounts.

6)  Execute Signed statement of confidentiality between Edith Sauno & Armando Vargas DBA
    Quality Plumbing concerning all business relations.

7)  Armando Vargas acknowledgemet in writing that Edith Sauno will retain ownership
    of 2006 Ford Pick up, License #7X88537, and Dell laptop computer paid for by
    Quality Plumbing as partial compensation for Business Relationship.

8)  Check Compesation Payments of

| | | |
|---|---|---|
| 8 x $2000.00 | $ | 16,000.00 |
| Vehicle and Insurance payment | $ | 2,000.00 |
| Health Insurance payment | $ | 2,000.00 |
| | $ | 20,000.00 |

9)  Final Payment Agreement of $350,000.00 between Armando Vargas & Edith Sauno executed by
    Lombardo & Gilles Law Offices.
    Release of Liability of all future legal matters as to any Job Contracts, Legal Documents,
    Signed by Edith Sauno as Owner, Controller or Office Manager.


_____          _____
ARMANDO VARGAS                          EDITH SAUNO

_____          _____
DATE  11/9/07                           DATE  11-09-2007

Case 3:08-cv-01974-PJH Document 19    Filed 10/02/2008  Page 32 of 84

# EXHIBIT C

1   Lawrence E. Biegel (State Bar No. 044426)
    Vicki Schermer-Kleinkopf (State Bar No. 116673)
2   Joseph A. Cisneros (State Bar No.184907)
    **THE BIEGEL LAW FIRM**
3   2801 Monterey-Salinas Highway, Suite A
    Monterey, CA 93940
4
    Telephone:   (831) 373-3700
5   Facsimile:     (831) 373-3780

6   Attorneys for **EDITH SAUNO AND ALBERTO SAUNO**

7

8

9

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11               **FOR THE COUNTY OF MONTEREY**

12

| 13 | ARMANDO VARGAS, an individual | ) Case No: M 89632 |
| | dba as QUALITY PLUMBING, | |
| 14 | | ) **VERIFIED CROSS COMPLAINT FOR** |
| | | ) **BREACH OF CONTRACT;** |
| 15 | Plaintiff, | ) **DISSOLUTION OF PARTNERSHIP &** |
| | | ) **ACCOUNTING & APPOINTMENT OF** |
| 16 | vs. | ) **RECEIVER; BREACH OF** |
| | | ) **PARTNERSHIP AGREEMENT;** |
| 17 | EDITH R. SAUNO, an individual; | ) **BREACH OF FIDUCIARY DUTY;** |
| | ALBERTO SAUNO, an individual and | ) **CONVERSION; ACTUAL FRAUD;** |
| 18 | DOES 1 through 200, inclusive, | ) **CONSTRUCTIVE FRAUD;** |
| | | ) **NEGLIGENCE; DECLARATORY** |
| 19 | Defendants. | ) **RELIEF; DECLARATORY RELIEF;** |
| | | ) **SPECIFIC PERFORMANCE** |
| 20 | | |

21   EDITH SAUNO,

22           Cross-Complainant

23

24           vs.

25   ARMANDO VARGAS, an individual
    dba as QUALITY PLUMBING and
26   MARTINA VARGAS, an individual;
    and DOES 201 through 300, inclusive,

27           Cross-Defendants.

28

                    1

            **CROSS COMPLAINT FOR DAMAGES**
      EDITH SAUNO v. ARMANDO VARGAS, Case No. M 89632

1  **COMES NOW** Cross-Complainant, EDITH SAUNO and for causes of action alleges as

2  follows:

3  <div align="center">**THE PARTIES**</div>

4  1.      Cross-Complainant EDITH SAUNO is, and at all times herein mentioned, was a

5  resident of San Benito County, California.

6  2.      Cross-Complainant is ignorant of the true names and capacities of cross-defendants

7  sued herein as Does 201 through 300, inclusive, and therefore sues said cross-defendants by such

8  fictitious names. Cross-complainant will amend this cross-complaint to allege their true names

9  and capacities when ascertained.

10  3.      Cross-Complainant is informed and believes, and thereon alleges, that at all times

11  herein mentioned each of the cross-defendants was the agent, servant, and employee of the

12  remaining cross-defendants and at all times herein mentioned acting within the course and scope

13  of said agency and employment and with the permission and consent of the cross-defendants,

14  and each of them.

15  4.      Cross-Complainant is informed and believes and based upon such information and

16  belief alleges that each cross-defendant sued herein, including Does 201 through 300, was acting

17  as the agent, servant, employee, representing partner, and/or joint venturer of each of the other

18  cross-defendants, and in doing the acts alleged herein, was acting within the course and scope

19  of such agency and/or employment or other relationship, and/or aided, abetted, cooperated with,

20  and/or conspired with one another to do the acts alleged herein. Cross-Complainant is further

21  informed and believes, and thereon alleges, that each of the cross-defendants herein gave consent

22  to, ratified, and authorized the acts alleged herein to each of the remaining cross-defendants.

23  5.      Cross-Defendants ARMANDO VARGAS and MARTINA VARGAS are, and at

24  all times herein mentioned, were residents of Monterey County, California.

25  <div align="center">**GENERAL ALLEGATIONS**</div>

26  6.      Beginning in approximately 1999, Edith Sauno (hereinafter "Ms. Sauno") and

27  Armando Vargas (hereinafter "Mr. Vargas") entered into a business agreement to operate, run

28  and own a plumbing business by the name of Quality Plumbing.

<div align="center">2</div>

7.    Although no formal partnership agreement was executed in order to operate Quality Plumbing, Mr. Vargas and Ms. Sauno formed a partnership in accordance with the provisions of Corporation Code § 16202. For all intents and purposes Mr. Vargas and Ms. Sauno were co-owners of the business, Quality Plumbing, and it was their intention of carrying on as a business as co-owners for a profit.

8.    From the time period of 1999 to the end of 2007, Mr. Vargas and Ms. Sauno both contributed money and capitol to Quality Plumbing. As a partial example of Ms. Sauno's capital contributions to Quality Plumbing, attached hereto as Exhibit A are copies of checks from Edith Sauno's personal checking account to various entities.  These checks demonstrate personal payments made by Ms. Sauno at the creation of Quality Plumbing for various business necessities, such as obtaining city licenses, fictitious business statement publication, business signs, office supply equipment, etc.

9.    From the time period of 1999 to November of 2007, both Mr. Vargas and Ms. Sauno had the right of joint participation in the management and control of Quality Plumbing. Both Mr. Vargas and Ms. Sauno conducted themselves as co-owners of Quality Plumbing. Both Mr. Vargas and Ms. Sauno shared in the profits of Quality Plumbing. Both Mr. Vargas and Ms. Sauno worked at Quality Plumbing.  Both Mr. Vargas and Ms. Sauno had the authority to execute a legally binding agreement on behalf of Quality Plumbing.

10.    From the time period of 1999 to November of 2007, both Mr. Vargas and Ms. Sauno held themselves out to customers, suppliers, vendors, competitors and general public as co-owners of Quality Plumbing. As only a partial example of this, attached hereto as Exhibit B, are documents where Ms. Sauno executed binding agreements, bids, and other documents as a co-owner of Quality Plumbing on behalf of Quality Plumbing.

11.    On or about November of 2001 Mr. Vargas and Ms. Sauno entered into a second partnership agreement to operate a second business called V&S Enterprises.

12.    On or about November 9, 2007, Mr. Vargas and Ms. Sauno agreed to dissolve and terminate their partnership agreements for the businesses of Quality Plumbing and V & S Enterprises.

3

SEP-30-2008 TUE 03:06 PM FISHMAN LARSEN&GOLDRING     FAX NO. 559 256 5005     P. 37
Case 5:08-cv-01584-PSG Document 19   Filed 10/02/2008 Page 36 of 84

13.     In connection with the Quality Plumbing partnership, Mr. Vargas and Ms. Sauno
prepared and executed a written agreement which called for Mr. Vargas to buy out any and all
ownership interest Ms. Sauno had in Quality Plumbing.  A copy of this written agreement is
attached as Exhibit C and incorporated by reference herein.  This agreement will be referred to
as the "Quality Plumbing settlement agreement."

14.     The Quality Plumbing settlement agreement called for the parties to: Transfer all
accounts payable to Edith Sauno to Quality Plumbing; Release all accounts payable to Edith
Sauno to Quality Plumbing; Provide written notice of the ownership change to all customers;
Provide written notice of said change to all Vendors; Close all joint bank accounts;  Execute a
joint statement of confidentiality; Mr. Vargas acknowledged that Ms. Sauno would retain
ownership of a 2006 Ford Truck and a Dell laptop computer as partial compensation for interest
in the business relationship; Payment by Mr. Vargas of $370,000 to Edith Sauno; A release of
liability as to all future legal issues for Edith Sauno.

15.     The most important part of the settlement agreement, contained in paragraphs 8
and 9, called for Mr. Vargas to pay Ms. Sauno the total sum of $370,000.00.  To date, Mr.
Vargas has not paid this sum of money despite repeated requests.

16.     On or about November 9, 2007, Ms. Sauno and Mr. Vargas agreed to dissolve their
other partnership, V&S Enterprises (hereinafter referred to as the "V&S Enterprises settlement
agreement"). A copy of the V&S Enterprises settlement agreement is attached hereto as Exhibit
D. and incorporated by reference herein.  The V&S Enterprises settlement agreement was
executed in conjunction with the Quality Plumbing settlement agreement, both on November 9,
2008. When the parties signed the V&S Enterprises settlement agreement, V&S Enterprises had
an ownership interest in three pieces of real property, all located in Salinas, CA.  The addresses
of the three pieces of real property are 352 Griffin Street,  28 West Lamar Street and 24 West
Curtis Street.

17.     The V&S Enterprises settlement agreement called for Mr. Vargas to retain any
ownership agreement owned by the partners in the real property located at 352 Griffin Street,
Salinas.  The V&S Enterprises settlement agreement called for Ms. Sauno to retain any

4

SEP-30-2008 ... FISHMAN LARSEN GOLDRING FAX NO. 559 256 5005 P. 38

1 ownership agreement owned by the partners in the two pieces of real property located at 28 West

2 Lamar Street and 24 West Curtis Street, both in Salinas.

3       18.    After the execution of the November 9, 2007 the parties decided to modify and/or

4 amend the property division set forth in the V&S Enterprises settlement agreement. Specifically,

5 the parties agreed that Ms. Sauno would take ownership of the two properties located at 28 West

6 Lamar Street and 352 Griffin Street and Mr. Vargas would take ownership of the real property

7 located at 24 West Curtis Street. This modification to the V&S Enterprises settlement agreement

8 was fully executed when the grant deeds, to all three pieces of real property were signed and

9 notarized by the parties several days after the original V&S Enterprises settlement agreement

10 was signed.

11       19.    A copy of the grant deed in which V&S Enterprises grants all ownership interest

12 in the 352 Griffin Street property to Edith Sauno and her husband Alberto Sauno is attached

13 hereto as Exhibit E and incorporated by reference herein. This grant deed was executed by both

14 Mr. Vargas and Ms. Sauno. The property description identifies this piece of real property as

15 being on Griffin Street.

16       20.    A copy of the grant deed in which V&S Enterprises grants all ownership interest

17 in the 24 West Curtis Street property to Mr. Vargas and his wife Martina Vargas is attached

18 hereto as Exhibit F and incorporated by reference herein. This grant deed was executed by both

19 Mr. Vargas and Ms. Sauno. The property description identifies this piece of real property as

20 being on Curtis Street. Furthermore, attached as Exhibit G, and incorporated by reference

21 herein, is a copy of Preliminary Change of Ownership for the West Curtis Street property. Said

22 document is signed by Mr. Vargas and clearly identifies the property address being transferred

23 as being 24 West Curtis Street, Salinas CA 93906.

24       21.    A copy of the grant deed in which V&S Enterprises grants all ownership interest

25 in the 28 West Lamar Street property to Edith Sauno and her husband Alberto Sauno is attached

26 hereto as Exhibit H and incorporated by reference herein. This grant deed was executed by both

27 Mr. Vargas and Ms. Sauno.

28

22. On November 20, 2008, Mr. Vargas executed the grant deed in which he gave up all ownership interest in the real property located at 352 Griffin Street, Salinas, CA. Since January of 2008, neither Mr. Vargas or Quality Plumbing, have made any mortgage payments for the property located at 352 Griffin Street, Salinas, CA. Any all such mortgage payments have been made by Ms. Sauno. Mr. Vargas has also not paid any rent for his ongoing physical possession of the premises of the real property which is located at 352 Griffin Street, Salinas, CA.

## FIRST CAUSE OF ACTION

### [Breach of Contract - As to Armando Vargas Only]

23. Cross-Complainant refers to and incorporates herein by reference as though fully set forth at length herein paragraphs 1-22 above.

24. On or about November 9, 2007, in Salinas, Monterey County, California, Mr. Vargas and Ms. Sauno entered into a written agreement to terminate any financial and/or ownership interest that Ms. Sauno had in Quality Plumbing. This agreement has previously been identified as the Quality Plumbing settlement agreement, a copy of which has already been identified as being attached as Exhibit C.

25. Ms. Sauno has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the settlement agreement.

26. Since the date of the execution of the settlement agreement, Mr. Vargas breached the settlement agreement by failing to pay Ms. Sauno the amount of $370,000.00 or any sums whatsoever.

27. As a result of the breach of the settlement agreement by Mr. Vargas, Ms. Sauno has been damaged in an amount equaling $370,000, plus any and all applicable interest.

**WHEREFORE**, Cross-Complainant prays for judgment against the cross-defendants, and each of them, as hereinafter set forth below.

///
///
///

**CROSS COMPLAINT FOR DAMAGES**
EDITH SAUNO v. ARMANDO VARGAS, Case No. M 89632

## SECOND CAUSE OF ACTION

### [Dissolution of Partnership, Accounting & Appointment

### of Receiver - As to Armando Vargas Only]

28.    Cross-Complainant incorporates herein by reference as though fully set forth at length herein paragraphs 1-27 above.

29.    On or about 1999, Cross-Complainant and Cross-Defendant entered into an oral partnership agreement in Salinas, Monterey County, California, for the purpose of carrying on a plumbing contractor business, under the name of Quality Plumbing.  The partnership's principal place of business is located in Salinas, Monterey County, California.  The partnership has conducted the aforementioned business from that time.

30.    Cross-Complainant has performed all conditions, covenants, and promises required to be performed by her in accordance with the terms and conditions of the partnership agreement.

31.    Since the commencement of the partnership, disagreements and disputes have arisen between Mr. Vargas and Ms. Sauno regarding matters of policy in the operation of the partnership business.   On or about November of 2007, Mr. Vargas and Ms. Sauno mutually decided to end their partnership and business relationship in Quality Plumbing by having Mr. Vargas buy out any and all interest that Ms. Sauno had in Quality Plumbing.

32.    Cross-Complainant is entitled to dissolution of the partnership by court decree, pursuant to Corporations Code Section 16801(5), in that Mr. Vargas has engaged in conduct relating to partnership business that makes it not reasonably practicable to carry on the business in the partnership.

33.    Mr. Vargas is in possession of the partnership books, assets, and accounts.  As a result, the amount of partnership assets and liabilities is unknown to Ms. Sauno and cannot be ascertained without an accounting of profits and losses that occurred during the operation of the partnership business.

34.    The original partnership agreement provides that the division of profits is to be split evenly as between the parties.

7

35.    Mr. Vargas has failed and refused, and continues to refuse to settle accounts and divide partnership assets and liabilities with Ms. Sauno.

36.    Unless a receiver is appointed by the court to take possession of, care for, manage, and operate the partnership assets and property, such property and assets are in danger of being lost, removed, or materially destroyed, in that Mr. Vargas is in control of the partnership business, and was and is applying partnership funds to his own use, in excess of his interest in the partnership business.

### THIRD CAUSE OF ACTION

### [Breach of Partnership Agreement - As to Armando Vargas Only]

37.    Cross-Complainant incorporates herein by reference as though fully set forth at length herein paragraphs 1-36 above.

38.    On or about 1999, Mr. Vargas and Ms. Sauno entered into a partnership agreement in Salinas, Monterey County, California, for the purpose of carrying on a plumbing contractor business, under the name of Quality Plumbing. The partnership's principal place of business is located in Salinas, Monterey County, California. The partnership has conducted the aforementioned business from that time.

39.    Ms. Sauno has performed all conditions, covenants, and promises required to be performed on her part in accordance with the terms and conditions of the partnership/business agreement.

40.    On or about November of 2007, Mr. Vargas breached the partnership contract by repudiating the existence of the partnership and denying Ms. Sauno's interest in the partnership business and partnership assets, and by converting partnership assets to his own use. Furthermore, Mr. Vargas has also failed to pay Ms. Sauno any funds or money for her interest in the partnership.

41.    As a proximate result of Mr. Vargas' breach of the partnership contract, Ms. Sauno has suffered damage in that she contributed significant capitol, labor, business skill and other assets to the partnership business. Furthermore, she contributed services in management of the partnership business, with a value of in an amount to be determined. Ms. Sauno has also lost

8

1 profits and continues to lose profits that would have been earned by Quality Plumbing but for
2 Mr. Vargas' breach, in an amount to be determined.

### FOURTH CAUSE OF ACTION

### [Breach of Fiduciary Duty - As to Armando Vargas Only]

5    42.    Cross-Complainant incorporates herein by reference as though fully set forth at
6 length herein paragraphs 1-41 above.

7    43.    By intentionally repudiating the existence of the partnership for Quality Plumbing
8 and denying Ms. Sauno's interest in the partnership business, and by converting partnership
9 assets to his own use, Mr. Vargas has breached the duty of care imposed by Corporations Code
10 Section 16404(c) to the partnership and to Ms. Sauno.

11    44.    As a proximate result of Mr. Vargas' breach of his fiduciary duty of care to the
12 partnership, Ms. Sauno has suffered damage in that she contributed significant capitol, labor,
13 business skill and other assets to Quality Plumbing.  Ms. Sauno also contributed services in
14 management of the partnership business with a value of in an amount to be determined.  Ms.
15 Sauno has also lost profits and continues to lose profits that would have been earned by Quality
16 Plumbing but for Mr. Vargas' breach of his fiduciary duty, all in an amount to be determined.

### FIFTH CAUSE OF ACTION

### [Conversion - As to Armando Vargas Only]

19    45.    Cross-Complainant incorporates herein by reference as though fully set forth at
20 length herein paragraphs 1-44 above.

21    46.    At all times herein mentioned, and in particular on or about the years of 1999 to
22 November of 2007, Ms. Sauno was a partner/owner at the time property and assets were acquired
23 by Quality Plumbing, and still is, an owner, and was, and still is, entitled to the possession of the
24 following property:  A percentage of the business interest in Quality Plumbing.  Additionally,
25 Ms. Sauno is entitled to a percentage of any and all revenue, income, goodwill accounts
26 receivable and other financial assets belonging to Quality Plumbing from the date of creation of
27 Quality Plumbing to the present time, all in an amount according to proof.

28

9

47.    As a proximate result of Mr. Vargas' conversion of the above-mentioned property, Ms. Sauno has failed to receive a percentage of Quality Plumbing and/or any all business revenue, to Ms. Sauno's damage in the sum according to proof.

48.    In doing the acts herein alleged, Mr. Vargas acted with oppression, fraud, and malice and Ms. Sauno is entitled to punitive damages

### SIXTH CAUSE OF ACTION

### [Actual Fraud - As to Armando Vargas Only]

49.    Cross-Complainant incorporates herein by reference as though fully set forth at length herein paragraphs 1-48 above.

50.    By entering into the partnership/business agreement to form Quality Plumbing Mr. Vargas promised that Ms. Sauno that they would share equally in the ownership of the partnership business and assets and in the profits and losses of the partnership business.

51.    At the time Mr. Vargas made the promise to Ms. Sauno, he had no intention of performing that promise.

52.    The promise was made by Mr. Vargas with the intent to induce Ms. Sauno to contribute her time, money, capitol, business skills labor and other services to Quality Plumbing from which he could gain profits and benefits for himself.

53.    Ms. Sauno, at the time the promise was made and at the time Ms. Sauno took the actions herein alleged, was ignorant of Mr. Vargas' secret intention not to perform and could not, in the exercise of reasonable diligence, have discovered Mr. Vargas' secret intention. In reliance on Mr. Vargas' promises, Ms. Sauno contributed her time, money, capitol, business skills labor and other services to Quality Plumbing.  If Ms. Sauno had known of Mr. Vargas' actual intentions, she would not have taken that action.

54.    As a proximate result of Mr. Vargas' fraud and the facts alleged in this complaint, Ms. Sauno was induced to, and did, contribute capitol, labor, skill, and other valuable services to Quality Plumbing with a value in an amount to be determined.

### SEVENTH CAUSE OF ACTION

### [Constructive Fraud - As to Armando Vargas Only]

10

55.    Cross-Complainant incorporates herein by reference as though fully set forth at length herein paragraphs 1-54 above.

56.    By virtue of the partnership/business agreement, the relationship between Ms. Sauno and Mr. Vargas was fiduciary in nature.  Mr. Vargas thereby owed Ms. Sauno the fiduciary duties of loyalty and care, and the obligation to conduct Quality Plumbing in good faith and fair dealing.  Because Ms. Sauno's confidence in Mr. Vargas' integrity caused her to entrust him with the authority to act for the partnership, a confidential relationship existed at all times herein mentioned between them.

57.    Mr. Vargas breached his fiduciary duties to Ms. Sauno and violated the relationship of trust and confidence by agreeing to buy our her interest for the sum of $370,00, by then excluding Ms. Sauno from her interests and assets in Quality Plumbing and by securing an advantage over Ms. Sauno by misleading her to her prejudice.

58.    Ms. Sauno placed confidence in and relied on Mr. Vargas until on or about the beginning of 2008, when she discovered Mr. Vargas' acts committed in breach of his fiduciary duties.  Until the beginning of 2008, Ms. Sauno had reasonably relied on Mr. Vargas in view of their relationship as partners and co-owners..

59.    As a result of Mr. Vargas' fraud as herein alleged, Ms. Sauno has been damaged in an amount according to proof.

### EIGHTH CAUSE OF ACTION

### [Negligence - As to Armando Vargas Only]

60.    Cross-Complainant incorporates herein by reference as though fully set forth at length herein paragraphs 1-59 above.

61.    As co-owner of Quality Plumbing and V&S Enterprises, Mr. Vargas owed Ms. Sauno a duty of care to refrain from actions which would hurt their joint business interests.

62.    Mr. Vargas breached his duty to Ms. Sauno when he negligently used partnership assets and money for his own personal use.

63.    As a direct and proximate result of Mr. Vargas' negligence, Ms. Sauno was damaged in an amount according to proof.

11

SEP-30-2008 THE 03:08 PM FISHMAN LARSEN&GOLDRING    FAX NO. 559 256 5005       P. 45

1                  **NINTH CAUSE OF ACTION**

2       **[Complaint for Declaratory Relief - As to Armando Vargas Only]**

3      64.    Cross-Complainant incorporates herein by reference as though fully set forth at

4 length herein paragraphs 1-63 above.

5      65.    An actual controversy has arisen and now exists between Cross-Complainant Edith

6 Sauno, and Cross-Defendants Armando Vargas and Martina Vargas, concerning their respective

7 rights and duties in connection with the Quality Plumbing settlement agreement which has

8 already been identified as being attached hereto as Exhibit C. Edith Sauno contends that the

9 Quality Plumbing settlement agreement is valid, binding and as result that Armando Vargas

10 owes Edith Sauno funds pursuant to said agreement. Whereas Mr. Vargas and Martina Vargas

11 dispute these contentions and contends that they do not have any duty to perform the conditions

12 set forth in the Quality Plumbing settlement agreement .

13      66.    Ms. Sauno desires a judicial determination of the party's rights and duties under

14 the Quality Plumbing settlement agreement .

15      67.    A judicial declaration is necessary and appropriate at this time under the

16 circumstances in order that the parties may ascertain their rights and duties.

17      68.    Edith Sauno will suffer legal determent if the Quality Plumbing settlement

18 agreement is held to be not enforceable.

19                  **TENTH CAUSE OF ACTION**

20       **[Complaint for Declaratory Relief - As to Both Parties]**

21      69.    Cross-Complainant incorporates herein by reference as though fully set forth at

22 length herein paragraphs 1-68 above.

23      70.    An actual controversy has arisen and now exists between Cross-Complainant Edith

24 Sauno, and Cross-Defendants Armando Vargas and Martina Vargas, concerning their respective

25 rights and duties in connection with the V&S settlement agreement which is attached hereto as

26 Exhibit D. This Exhibit calls for the division of three pieces of real property in Salinas, CA by

27 the parties.

28

SEP-30-2008 TUE 03:09 PM FISHMAN LARSEN GOLDRING    FAX NO. 559 256 5005    P. 46

1    71.    Ms. Sauno contends that while the agreement was valid it was modified by a
2    subsequent agreement by the parties in that the parties agreed to keep different pieces of real
3    property than those initially agreed upon in the V&S settlement agreement.  Under Civil Code
4    § 1698, Ms. Sauno contend that this was a valid oral modification that was then executed by the
5    signing of the subsequent thee grant deeds by the parties.  Alternatively or in addition, Ms.
6    Sauno contends that under Civil Code § 1698, there was a valid written modification and the
7    written modification was the executed grant deeds for the three pieces of real property referenced
8    in V&S settlement agreement.  Whereas Mr. Vargas and Martina Vargas dispute Ms. Sauno's
9    contentions and contend that there was no subsequent modification of the V&S settlement
10    agreement  and that Mr. Vargas was somehow "tricked" or misled by Ms. Sauno to sign grant
11    deeds which was contrary to his desired intent.

12    72.    Ms. Sauno desires a judicial determination of the party's rights and duties under
13    Exhibit D.

14    73.    A judicial declaration is necessary and appropriate at this time under the
15    circumstances in order that the parties may ascertain their rights and duties.

16    74.    Any determination of the rights and duties under Exhibit D will affect the
17    ownership rights for three pieces of real property in Salinas, Monterey County, CA.

18    75.    As such, Ms. Sauno will suffer legal determent if said Exhibit D is held to be not
19    enforceable.

20                          **ELEVENTH CAUSE OF ACTION**

21            **[Complaint for Specific Performance - As to Armando Vargas Only]**

22    76.    Cross-Complainant incorporates herein by reference as though fully set forth at
23    length herein paragraphs 1-75 above.

24    77.    On or about November of 2007, at Salinas, Monterey County, California, Ms.
25    Sauno and Mr. Vargas entered into the Quality Plumbing settlement agreement, a copy of which
26    is attached as Exhibit C and incorporated by reference herein.

27    78.    The consideration set forth in the Quality Plumbing settlement agreement was the
28    fair and reasonable value of Mr. Vargas' purchasing or buying out any and all ownership interest

13

**CROSS COMPLAINT FOR DAMAGES**
EDITH SAUNO  v. ARMANDO VARGAS, Case No. M 89632

Case 5:08-cv-01984-PSG Document 19  Filed 10/02/2008 Page 46 of 84

1  that Edith Sauno had in the Monterey County business Quality Plumbing. The Quality Plumbing

2  settlement agreement is, as to Mr. Vargas, is both just and reasonable.

3       79.    Ms. Sauno has performed all reasonable conditions, covenants, and promises

4  required by her on her part to be performed in accordance with the terms and conditions of the

5  contract shown in Quality Plumbing settlement agreement.

6       80.    Mr. Vargas has failed and refused, and continues to fail and refuse, to perform the

7  conditions of the Quality Plumbing settlement agreement on his part in that he has failed to pay

8  the consideration due and owing to Ms. Sauno.

9       81.    For the reasons stated herein, Ms. Sauno has no adequate legal remedy and

10  demands specific performance of the contract terms of the Quality Plumbing settlement

11  agreement;

12      **WHEREFORE**, Ms. Sauno prays for judgment against Mr. Vargas as follows:

13      1.    For compensatory damages in an amount according to proof, with interest thereon

14  at the legal rate.

15      2.    For exemplary and punitive damages in an amount according to proof;

16      3.    For damages in the amount of $370,00, plus interest;

17      4.    For an order that the partnership be dissolved;

18      5.    For an accounting of Quality Plumbing from the beginning of Quality Plumbing

19  in 1999 to the present date, that the account be settled between Mr. Vargas and Ms. Sauno, and

20  that Ms. Sauno have judgment against Mr. Vargas for whatever sums may be found due and

21  owing to her under the accounting;

22      6.    For the appointment of a receiver to take over management and control of Quality

23  Plumbing property and assets, to wind up partnership affairs, to control partnership business until

24  winding up is completed, and to keep partnership assets until their division between the partners;

25      7.    For costs of suit herein incurred;

26      8.    For attorney fees;

27      9.    For payment of reasonable back rent for Mr. Vargas' ongoing physical possession

28  of Ms. Sauno's real property located at 352 Griffin Street in Salinas; and

14

1    10.    For any other and further relief as the court may deem proper.

2    Dated: April 3, 2008

3                                   THE BIEGEL LAW FIRM

4

5                             By: _____
                                  Lawrence E. Biegel
6                                 Joseph A. Cisneros
                                  Attorneys for Edith and Alberto Sauno
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        15

## VERIFICATION

I, Edith Sauno, am the Cross-Complainant and Defendant in the above-entitled proceeding. I have read the foregoing **VERIFIED CROSS COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 3, 2008

_____
Edith Sauno
Cross-Complainant and Defendant

16

SEP-30-2008 TUE 03:01 PM FISHMAN, LARSEN CALLBRENT19    FAX NO. 0002/2508585857    P. 03/35



EDITH R. SAUNO
1114 CORTEZ ST. #A
SALINAS, CA 93905
DL# C5256911 PH. 831-757-5211

90-7162/3222
1794905150

1226

2-20-99

Pay to the Order of _Secretary of State_    $72.00

_Seventy-two & 00_

Washington Mutual
Washington Mutual Bank, FA
Salinas-Alisal Financial Center 1336
800 East Alisal Street
Salinas, CA 93905
1-800-788-7000
24 hour Customer Service

Edith R. Sauno

⑆322271627⑆179⑈490515⑇0⑈ 1226   ⑈0000007200⑈

---

Edith R. Sauno
1114 Cortez Street, # A
Salinas, Ca 93905
DL# C5256911 Ph. 831-757-5211

90-7162/3222

1311

DATE 5-4-99

PAY TO THE ORDER OF _City of Gilroy_    $60 —

_Sixty and_    DOLLARS

Washington Mutual
Washington Mutual Bank, FA
Salinas-Alisal Financial Center 1336
800 East Alisal Street
Salinas, CA 93905
1-800-788-7000
24 hour Customer Service

FOR _____    Edith R. Sauno

⑆322271627⑆179⑈490515⑇0⑈ 1311   ⑈0000006000⑈

---

EDITH R. SAUNO
1114 CORTEZ ST. #A
SALINAS, CA 93905
DL# C5256911 PH. 831-757-5211

90-7162/3222
1794905150

1295

4-26-99

Pay to the Order of _The Salinas Californian_    $95.00

_Ninety-Five & 00_

Washington Mutual
Washington Mutual Bank, FA
Salinas-Alisal Financial Center 1336
800 East Alisal Street
Salinas, CA 93905
1-800-788-7000
24 hour Customer Service

Edith R. Sauno

⑆322271627⑆179⑈490515⑇0⑈ 1295   ⑈0000009500⑈

---

EDITH R. SAUNO
1114 CORTEZ ST. #A
SALINAS, CA 93905
DL# C5256911 PH. 831-757-5211

90-7162/3222
1794905150

1296

4-26-99

Pay to the Order of _Office Depot_    $65.39

_Sixty-Five & 39/—_

Washington Mutual
Washington Mutual Bank, FA
Salinas-Alisal Financial Center 1336
800 East Alisal Street
Salinas, CA 93905
1-800-788-7000
24 hour Customer Service

Edith R. Sauno

⑆322271627⑆179⑈490515⑇0⑈ 1296   ⑈0000006539⑈

SEP-30-2005 TUE 03:12 PM FISHMAN, LARSEN GOLDRING FAX NO. 00832005700 Page 51 of 84    05/35















ENDORSE HERE

04/26/99 13:45
Associate 2396
Store #0925 Reg #011 Tran #0073
SALE POS Version 4.00
RTE 322271627/0
BAN 1794905150
CHK # 1296

OFFICE DEPOT #925

APR 26 99

EDITH R. SAUNO
1114 CORTEZ ST #A
SALINAS, CA 93905

1296

4-26-99

Pay to the order of Office Depot $65.39

Sixty-five 39/100

Washington Mutual

Case 5:02-cv-04049-PVT Document 819 Filed 10/09/2008 Page 56 of 84





PAY TO THE ORDER OF
BANK OF AMERICA
CITY OF GILROY
FOR DEPOSIT ONLY 0114-B0200
'05-20/06041/05-04-99/60.00

DO NOT SIGN / WRITE / STAMP BELOW THIS LINE
(FOR FINANCIAL INSTITUTIONS USE ONLY)
ENDORSE HERE

MAY -5 99



MONTEREY COUNTY
OFFICE OF THE COUNTY CLERK
240 CHURCH ST.
SALINAS, CA 93901
(408)755-5450

## FICTITIOUS BUSINESS NAME PUBLICATION REQUIREMENTS

To complete your Fictitious Business Name (FBN) filing, you are **required** to do the following (Business & Professions Code section 17917 and Government Code section 6064):

1. Publish the statement, Abandonment, or Withdrawal in adjudicated newspaper of general circulation in Monterey County. Adjudicated newspapers that are authorized to publish legal notices in Monterey County are listed on the reverse side of these instructions.

   a. The first date of publication must be **within 30 days** of the date the document was filed as shown by the file stamp in the upper, right-hand corner of the document. Go to the newspaper early in the 30-day period so the newspaper has enough lead time to begin publication by the 30th day. Verify with the newspaper the first date the FBN document will be published, in order to ensure that the publication will begin within the required 30-day time period.

   b. The statement must be published **once a week for four consecutive weeks, with a least five days between each publication date**, not counting the actual dates published.

   c. The newspaper selected should be one that circulates in the area where the business is to be conducted.

   d. Read the newspaper publication on the first day that it appears in the newspaper to ensure that it is correct and to verify the four publication dates. If necessary, contact the newspaper to correct the publication. If a correction is necessary, the first date of the corrected publication must be within the required 30-day time period.

2. File the proof of publication with the County Clerk. The Proof of publication is an affidavit from the newspaper showing that the Statement, Abandonment, or Withdrawal was published on the four publication dates indicated.

   a. The proof of publication must be filed with the County Clerk **within 30 days** of the last (fourth) date of publication. **This is the registrant's responsibility.** County Clerk office hours are Monday through Friday, 8:00 a.m. to 4:00 p.m.

   b. The proof of publication may be mailed to the County Clerk at the address shown above, as long as it will arrive within the 30-day time period. Check with your newspaper – some newspapers mail a copy of the proof of publication to the County Clerk's Office as a courtesy to their customers; however, the registrant is still responsible for ensuring that this proof is filed with the County clerk in a timely manner. If both the registrant and the newspaper file a proof of publication, the second one received will be discarded.

   c. We recommend that, after 15 days following the fourth publication date, you call our office at (408)755-5450 to verify that the proof of publication has been filed. This will allow sufficient time to ensure that filing occurs within the 30-day time period.

**NOTE:** The Business & Professions code requires the FBN Statement, Abandonment, and Withdrawal to be published and the proof of publication to filed within the time guidelines listed above. **If these required time guidelines are not met, the County Clerk's Office will not file the proof of publication** and the FBN filing will not be complete. A complete FBN filing will require refiling and republishing.

Joseph F. Pitta
Monterey County
Clerk

04/16/99                              11:19:20

Receipt # WS2291017018
Wrkstn ID W32910116R1
File # F-00000990733

Fictitious Business Names

Public
QUALITY PLUMBING

Fees                              $20.00

** TOTAL                          20.00

Cash                              20.00

PLEASE KEEP THIS RECEIPT FOR REFERENCE

CUSTOMER'S COPY



The ONE TO TURN TO

Telephone (408) 424-2221
123 W. ALISAL ST. • P.O. BOX 81991 • SALINAS, CA 93912

30359

Name Quality Plumbing
Address 1319 Blatzer Ave
City Tulare    State Ca.    Zip 93274
Phone # 757-5211    Salesperson #

Route

From

C/C ☐    Check ☒    Cash ☐

Date 4-20-99

PAID

| LOCAL | | Amount |
|---|---|---|
| CLASS. TRANS. | DBA | |
| NATIONAL | | |
| GEN'L LEDGER | Paid | 95 00 |
| CIRC. | | |

Account. No.

Rec'd By

# PROPOSAL

QUALITY PLUMBING
1319 BURTON AVE
SALINAS, CA 93901
(831) 905-1141

Proposal No. ARCADIA
GILROY

Sheet No.  1 OF 2

Date  03/22/99

## Proposal Submitted To

Name  ARCADIA DEVELOPMENT
Street  1500 E. HAMILTON AVE SUITE 212
City  CAMBEL,
State  CALIFORNIA 95008
Telephone Number (408) 371-0500

## Work To Be Performed At

Street  ARCADIA GILROY
City  GILROY, CALIFORNIA  State
Date of Plans
Architect

We hereby propose to furnish the materials and perform the labor necessary for the completion of

ABS PIPE FOR WASTE & VENTS, COPPER PIPE TYPE L FOR POTABLE WATER,
BLACK STEEL PIPE FOR GAS.
SEWER LINE NO MORE THAN 30 FEET LONG AND 5 FEET DEEP.
WATER LINE NO MORE THAN 30 FEET LONG AND 24" DEEP.
NOT INCLUDED WATER HEATER FLUES, FIRE SPINKLER HOOK UPS AND
WASHING MACHINE PANS.

FIXTURE LIST:  SEE ATTACHED SHEET

| | | | | |
|---|---|---|---|---|
| PLAN 501 | $7,845.00 | + 230 | = 8075.- | -700 = 8775.- |
| PLAN 502 | $8,325.00 | + 230 | = 8555. | 8555.- |
| PLAN 503 | $8560.00 | 230 | = 8790 | 8790.- |
| PLAN 504 | $8,720.00 | 230 | = 8950 | 8950.- |
| PLAN 505 | $9,012.00 | 230 | = 9242 | 9242.- |

All material is guaranteed to be as specified, and the above work to be performed in accordance with the drawings
and specifications submitted for above work and completed in a substantial workmanlike manner for the sum of
Dollars ($                    )

with payments to be made as follows

40% ROUGH IN          40% TOP OUT          20% FINISH

Respectfully submitted

Per  QUALITY PLUMBING

Any alteration or deviation from above specifications involving extra costs
will be executed only upon written order, and will become an extra charge
over and above the estimate. All agreements contingent upon strikes, acci-
dents, or delays beyond our control.

Note — This proposal may be withdrawn
by us if not accepted within  30  days

## ACCEPTANCE OF PROPOSAL

The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified.
Payments will be made as outlined above.

Signature

Signature

Date

9450
MADE IN USA

0  87958 09450  3

*Russell*
*10/20/99*

# QUALITY PLUMBING

1319 BURTON AVE
SALINAS, CA 93901
Phone (831)751-9778 Fax (831)757-1488

| PROPOSAL SUBMITTED TO: | | Page No. | 1 | Of | 2 | Pages |
|---|---|---|---|---|---|---|
| **Name** | ARCADIA DEVELOPMENT | **Phone** 408 371-0500 | | | | |
| **Street** | 1500 E. HAILTON AVE SUITE 212 | **Job Name** LIONSCREEK II | | | | |
| **City** | CAMBELL | **Street** | | | | |
| **State** | CALIFORNIA 95008 | **City** GILROY | **State** CA | | **Zip** | 95020 |

We hereby submit specifications and estimate for:

ABS PIPE FOR WASTE & VENTS, COPPER PIPE TYPE L FOR POTABLE WATER AND BLACK

STEEL PIPE FOR GAS. CAST IRON PIPE FOR SECOND FLOOR WASTE LINE AND DROPS 90 ONLY.

SEWER LINE NO MORE THAN 30 FEET LONG AND 6 FEET DEEP.

WATER LINE NO MORE THAN 30 FEET LONG AND 24 INCHES DEEP.

NOT INCLUDED WATER HEATER FLUES, FIRE SPRINKLER HOOK UPS AND WASHING MACHINE

OR A/C UNIT PANS.  **GAS TO FIREPLACE AND DRYER INCLUDED**

FIXTURE LIST PER ATTACHED SHEETS.

PRICES   PLAN 501 $8775.00          PLAN 504 $9650.00

PLAN 502 $9255.00          PLAN 505 $9942.00

PLAN 503 $9490.00          PLAN 205 $9125.00

All material is guaranteed to be as specified and the above work to be performed in accordance with the
drawings and specifications submitted for above work and completed in a substantial workmanlike manner
for the sum of _____   ($_____)
with payment to be made as follows
     40% ROUGH IN          40% TOP OUT          20% FINISH
Any alteration or deviation from the above specifications involving extra cost, will be executed upon written
orders, and will become an extra charge over and above the estimate. All agreements contigent upon strikes,
accident or delays beyond our control. This proposal subject to acceptance within          30  days and is
void thereafter at the option of the undersigned.

Authorized Signature _____

## ACCEPTANCE OF PROPOSAL

The above prices, specifications and conditions are hereby accepted. You are authorized to do the work
as specified. Payment will be made as outlined above.

ACCEPTED:                          Signature _____

DATE_____                Signature _____

Case 3:07-cv-01049-PK Document 19 Filed 10/03/2008 Page 64 of 84

## FIXTURE LIST

| | | |
|---|---|---|
| 1 | KITCHEN SINK | NORRIS 834-R |
| 1 | KITCHEN SINK FAUCET | PP 34-1LC |
| 1 | GARBAGE DISPOSER | WHIRLAWAY 291PC |
| | | |
| 1 | ROMAN TUB | HYDRO SWIRL TWILLIGHT |
| 1 | ROMAN TUB FAUCET | PP QT6-BCMB |
| 1 | SHOWER PAN | FLORESTONE |
| 1 | SHOWER VALVE & TRIM | PP 0X8-010A/R89-7CMB-R89-986/SGL-80PC |
| 1 | LAV | STERLING 442008/442004 |
| 1 | LAV FAUCET | PP H49-BCMB/H43-X8BC-15-81PC |
| 1 | WATER CLOSET | STERLING 402215/402015 |
| 1 | WATER CLOSET SEAT | BEMIS 500D/1500D |
| | | |
| 1 | LAUNDRY TRAY | FLORESTONE SR3 |
| 1 | LAUNDRY TRAY FAUCET | H71-111 |
| | | |
| 1 | WATER HEATER | AMERICAN 50 GALLONS |

**Arcadia Development**
**1500 E. Hamilton Suite 212**
**Campbell, CA 95008-0835**
**(408) 371-0500**

May 3, 1999

Mr. Armando Vargas
Ms. Edith Sanchez
Quality Plumbing
1319 Burton Ave.
Salinas, CA 93901

Dear Armando and Edith,

Congratulations on your new venture. It is nice to be working together again!

Enclosed please find two copies of our contract for Lions Creek II Subdivision in Gilroy. Please sign the Cover Page and initial all other pages of the contract. Check Part 3 for accuracy and initial. After this is complete, please return both signed and initialed copies for execution. We will forward a fully executed copy to you.

Please call with any questions.

Sincerely,

Tracy Anthony
Project Manager

## SUBCONTRACT AGREEMENT

**RECEIVED**

MAY 1 7 1999

### COVER PAGE

**ARCADIA**

### PLUMBING

Project: Lions Creek II Subdivision/Gilroy, CA/500 Series.

This Agreement (herein "Subcontract") is made this 26th day of April, 1999, by and between Arcadia Development Co. ("Contractor"), and Quality Plumbing Co. ("Subcontractor") for work to be performed on the Project referenced herein.

The following are hereby made parts of this agreement:

| | |
|---|---|
| PART 1 | Pricing |
| PART 2 | Scope of Work |
| PART 3 | Information |
| PART 4 | Contract Provisions |
| PART 5 | Safety Regulations |

IN WITNESS WHEREOF, the parties hereto have executed this subcontract for themselves, their heirs, executors, administrators, successors and assigns as of the date first above written.

Arcadia Development Co. ("CONTRACTOR"),
a California corporation

By: _____

Title: _____

Quality Plumbing _____ ("SUBCONTRACTOR")

By: _____
Edith Sanchez/Co-Owner

5-10-99
Date

COVER PAGE
05/03/99
C:\TRACY\Gilroy Contracts\Quality Plumbing.rtf

11/9/2007

From: Edith Sauno

To: Armando Vargas

1) Transfer all accounts payable under Edith Sauno to Quality Plumbing.

2) Release of all accounts payable under Edith Sauno's name to
   Armando Vargas.

3) Written notice to all Customers.

4) Written notice to all Vendors.

5) Closing of joint bank accounts.

6) Execute Signed statement of confidentiality between Edith Sauno & Armando Vargas DBA
   Quality Plumbing concerning all business relations.

7) Armando Vargas acknowledgemet in writing that Edith Sauno will retain ownership
   of 2006 Ford Pick up, License #7X88537, and Dell laptop computer paid for by
   Quality Plumbing as partial compensation for Business Relationship.

8) Check Compesation Payments of                                  $   16,000.00
        8 x $2000.00                                              $    2,000.00
        Vehicle and Insurance payment                            $    2,000.00
        Health Insurance payment                                 $   20,000.00

9) Final Payment Agreement of $350,000.00 between Armando Vargas & Edith Sauno executed by
   Lombardo & Gilles Law Offices.
   Release of Liability of all future legal matters as to any Job Contracts, Legal Documents,
   Signed by Edith Sauno as Owner, Controller or Office Manager.


_____          _____
ARMANDO VARGAS                       EDITH SAUNO

_____          11-09-2007
DATE                                 DATE
11/9/07

**V & S Enterprises**

1) Dissolution of Partnership

2) Closing of Bank Accounts

3) Release of Property ownership and loans
   Armando will retain 352 Griffin Street
   Edith will retain 28 W. Lamar Street.
   & 24 W. Curtis Street

_____
**ARMANDO VARGAS**

_____
**DATE**

_____
**EDITH SAUNO**

11-09-2007
**DATE**

RECORDING REQUESTED L

Stephen L. Vagnini                CRSUSY
Monterey County Recorder          11/30/2007
Recorded at the request of        14:28:47
**Filer**

Order #:
APN #: 003-041-021
       003-041-022

WHEN RECORDED MAIL TO

Alberto H. & Edith R. Sauno
224 Paseo Gularte
San Juan Bautista, CA 95045

DOCUMENT: **2007089925**   | Titles: 1/ Pages:  3

| Fees.... 14.00
| Taxes...
| Other...    2.00
| AMT PAID  $16.00

SPACE ABOVE THIS LINE FOR RECORDERS USE

PARTNERSHIP    **Grant Deed**

The undersigned grantor(s) declare(s):
Documentary transfer tax is $0.00          Disolution of Partnership
(X) computed on full value of property conveyed, or
( ) computed on full value less of liens and encumbrances remaining at time of sale.
( ) Unincorporated area:    (X) City of Salinas

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
V&S Enterprises, A California General Partnership

**hereby GRANT(S) to**
Edith R. Sauno and Alberto H. Sauno, Wife and Husband as Joint Tenants

that property in City of Salinas, Monterey County, State of California, described as:
See "Exhibit A" attached hereto and made a part hereof.

Mail Tax Statements to    Grantee at address above

Date    November 16, 2007

                                            Edith R. Sauno, Partner

State of _California_

County of ___Monterey___

On November 20, 2007                before me,
     Gladys Jimenez Alegre                  Armando Vargas, Partner
a Notary Public in and for said State, personally appeared
   Edith R. Sauno and Armando Vargas,    PARTNERS

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf  of which
the person(s) acted, executed the instrument.

GLADYS JIMENEZ ALEGRE
Commission # 1634196
Notary Public - California
Monterey County
My Comm. Expires Jan 29, 2010

WITNESS my hand and official seal.

Signature

Name    Gladys Jimenez Alegre
                (typed or printed)
FTGIS-140 8/94                              (This area for official notarial seal)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

## LEGAL DESCRIPTION EXHIBIT

Certain real property situate, lying, and being in the Rancho El Sausal, within the corporate limits of the City of Salinas, in the County of Monterey, State of California, being a part of that certain 23.3 acre tract of land conveyed from E. Mae Belle Chase Holaday to California Rodeo Inc., a Corporation by Deed dated June 1, 1948 and recorded in Volume 1067, Official Records, at Page 13, said part being particularly described in Parcels I and II below:

PARCEL I:

Beginning at a point in the Westerly line of Griffin Street, as widened to 60 feet by Deed from California Rodeo Inc., a Corporation to Salinas, a Municipal Corporation dated May 11, 1950 and recorded in Volume 1221 of Official Records, at Page 65, from which point the Southeast corner of that certain 1.0629 acre tract of land conveyed from E. Mae Belle Chase Holaday to William O. Hall, et ux, by Deed dated June 21, 1948 and recorded in Volume 1069 of Official Records, at Page 256, bears along said street line, North 3° 38 1/2' West, 240 feet distant and running thence from said point of beginning along said street line,

(1) S. 3° 38 1/2' E., 100 feet; thence leave said street line and running

(2) S. 86° 21 1/2' W., 225 feet; thence

(3) N. 3° 38 1/2' W., 100 feet; thence

(4) N. 86° 21 1/2' E., 225 feet to the place of beginning.

Courses All True.

PARCEL II:

Beginning at a point in the Westerly line of Griffin Street, as widened to 60 feet by Deed from California Rodeo Inc., a Corporation to Salinas, a Municipal Corporation dated May 11, 1950 and recorded in Volume 1221 of Official Records, at Page 65, from which point the Southeast corner of that certain 1.0629 acre tract of land conveyed from E. Mae Belle Chase Holaday to William O. Hall, et ux, by Deed dated June 21, 1948 and recorded in Volume 1069 of Official Records, at Page 256, bears along said street line, North 3° 38 1/2' W., 190 feet distant and along said street line, N. 3° 38 1/2' W., 190 feet distant, and running thence from said point of beginning along said street line,

(1) S. 3° 38 1/2' E., 50 feet; thence leave said street line and running

(2) S. 86° 21 1/2' W., 225 feet; thence

(3) S. 3° 38 1/2' E., 100 feet; thence

(4) S. 86° 21 1/2' W., 25 feet; thence

(5) N. 3° 38 1/2' W., 150 feet; thence

(6) N. 86° 21 1/2' E., 250 feet to the place of beginning.

DEED.LGL.02/08/8404

## LEGAL DESCRIPTION EXHIBIT

A.P. NO.: 003-041-021
003-041-022

END OF DOCUMENT

RECORDING REQUESTE. .Y:

Order #:
APN #: 003-381-011

WHEN RECORDED MAIL TO

Armando & Martina Vargas
352 Griffin Street
Salinas, CA 93901

Stephen L. Vagnini          CRSUSY
Monterey County Recorder    11/30/2007
Recorded at the request of  14:28:47
**Filer**

DOCUMENT: **2007089926**  Titles: 1/ Pages:  2



| Fees.... | 11.00 |
| Taxes... | |
| Other... | 2.00 |
| AMT PAID | $13.00 |

SPACE ABOVE THIS LINE FOR RECORDERS USE

PARTNERSHIP          **Grant Deed**

The undersigned grantor(s) declare(s):
Documentary transfer tax is $0.00        Disolution of Partnership
(X) computed on full value of property conveyed, or
( ) computed on full value less of liens and encumbrances remaining at time of sale.
( ) Unincorporated area:        (X) City of Salinas

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
V&S Enterprises, A California General Partnership

**hereby GRANT(S) to**
Armando Vargas and Martina Vargas, husband and wife as Joint Tenants

that property in City of Salinas, Monterey County, State of California, described as:
See "Exhibit A" attached hereto and made a part hereof.

Mail Tax Statements to ___Grantee at address above___

Date ___November 16, 2007___

_Edith R. Sauno, Partner_

State of ___CALIFORNIA___

County of ___MONTEREY___

On ___November 20, 2007___  before me, _Armando Vargas, Partner_
___Gladys Jimenez Alegre___
a Notary Public in and for said State, personally appeared
___Edith R. Sauno and Armando Vargas___, PARTNERS

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Name ___Gladys Jimenez Alegre___
        (typed or printed)

FTGI5-140 8/94

(This area for official notarial seal)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

# EXHIBIT "A"

## LEGAL DESCRIPTION

THAT PORTION OF LOT A, AS SAID LOT IS SHOWN AND DESIGNATED ON THAT CERTAIN MAP ENTITLED, "AIRPORT HOMES TRACT", A PART OF RANCHO EL SAUSAL, MONTEREY COUNTY, CALIFORNIA FILED FOR RECORD JUNE 4, 1935 IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, IN VOLUME 3 OF MAPS, "CITIES AND TOWNS", AT PAGE 99, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF SAID LOT A IN THE NORTHERN LINE OF CURTIS STREET, AS SHOWN ON THE MAP ABOVE REFERRED TO; THENCE

(1) S. 80° 59' W. ALONG SAID NORTHERN LINE OF CURTIS STREET, 125 FEET; THENCE LEAVING CURTIS STREET

(2) N. 8° 55' W., 78.25 FEET; THENCE

(3) N. 80° 59' E., 19.5 FEET; THENCE

(4) N. 8° 55' W., 43 FEET TO THE NORTHERN LINE OF SAID LOT A; THENCE

(5) N. 80° 59' E., ALONG SAID NORTHERN LINE OF SAID LOT A; 105.5 FEET TO THE NORTHEASTERN CORNER OF SAID LOT A; THENCE

(6) S. 8°, 55' E., ALONG THE EASTERN LINE OF SAID LOT A, 121.25 FEET TO THE POINT OF BEGINNING.

A.P.N.: 003-381-011

IOE-502-A (FRONT) REV. 9 (8-05)
**PRELIMINARY CHANGE OF OWNERSHIP REPORT**

[To be completed by transferee (buyer) prior to transfer of subject property in accordance with Section 480.3 of the Revenue and Taxation Code.] A Preliminary Change of Ownership Report must be filed with each conveyance in the County Recorder's office for the county where the property is located; this particular form may be used in all 58 counties of California

**THIS REPORT IS NOT A PUBLIC DOCUMENT**

| FOR RECORDER'S USE ONLY |

SELLER/TRANSFEROR: V & S ENTERPRISES A CALIFORNIA GENERAL PARTNERSHIP
BUYER/TRANSFEREE: ARMANDO & MARTINA VARGAS
ASSESSOR'S PARCEL NUMBER(S): 003-381-011

PROPERTY ADDRESS OR LOCATION: {PropAdd} 24 W. CURTIS STREET
{PropCityStateZip} SALINAS, CA 93906

MAIL TAX INFORMATION TO: Name: ARMANDO & MARTINA VARGAS
Address: 352 GRIFFIN STREET
SALINAS, CA 93901
Phone(8am-5pm) (831) 775-0201

**NOTICE:** A lien for property taxes applies to your property on January 1 of each year for the taxes owing in the following fiscal year, July 1 through June 30. One-half of these taxes is due November 1, and one-half is due February 1. The first installment becomes delinquent on December 10, and the second installment becomes delinquent on April 10. One tax bill is mailed before November 1 to the owner of record. **You may be responsible for the current or upcoming property taxes even if you do not receive the tax bill.**

The property which you acquired may be subject to a supplemental assessment in an amount to be determined by the Monterey County Assessor. For further information on your supplemental roll obligation, please call the Monterey Assessor at .

**PART I: TRANSFER INFORMATION** *(Please answer all questions)*

| Yes | No | | |
|---|---|---|---|
| ☐ | ☑ | A. | Is this transfer solely between husband and wife (addition of a spouse, death of a spouse, divorce settlement, etc.)? |
| ☐ | ☑ | B. | Is this transaction only a correction of the name(s) of the person(s) holding title to the property (for example, a name change upon marriage)? Please explain |
| ☐ | ☑ | C. | Is this document recorded to create, terminate, or reconvey a lender's interest in the property? |
| ☑ | ☐ | D. | Is this transaction recorded only as a requirement for financing purposes or to create, terminate, or reconvey a security interest (e.g. cosigner)? Please explain **PARTNERSHIP DISOLUTION** |
| ☐ | ☐ | E. | Is this document recorded to substitute a trustee of a trust, mortgage, or other similar document? |
| ☐ | ☐ | F. | Did this transfer result in the creation of a joint tenancy in which the seller (transferor) remains as one of the joint tenants? |
| ☐ | ☐ | G. | Does this transfer return property to the person who created the joint tenancy (original transferor)? |
| ☐ | ☐ | H. | Is this a transfer of property: |
| ☐ | ☐ | | 1. to a revocable trust that may be revoked by the transferor and is for the benefit of the ☐ transferor ☐ transferor's spouse? |
| ☐ | ☐ | | 2. to a trust that may be revoked by the Creator/Grantor who is also a joint tenant, and which names the other joint tenant(s) as beneficiaries when the Creator/Grantor dies? |
| ☐ | ☐ | | 3. to an irrevocable trust for the benefit of the ☐ Creator/Grantor and/or ☐ Grantor's spouse? |
| ☐ | ☐ | | 4. to an irrevocable trust from which the property reverts to the Creator/Grantor within 12 years? |
| ☐ | ☐ | I. | If this property is subject to a lease, is the remaining lease term 35 years or more including written options? |
| ☐ | ☐ | *J. | Is this a transfer between ☐ parent(s) and child(ren)? ☐ or from grandparent(s) to grandchild(ren)? |
| ☐ | ☐ | *K. | Is this transaction to replace a principal residence by a person 55 years of age or older? Within the same county? ☐ Yes ☐ No |
| ☐ | ☐ | *L. | Is this transaction to replace a principal residence by a person who is severely disabled as defined by Revenue and Taxation Code section 69.5? Within the same county? ☐ Yes ☐ No |
| ☐ | ☐ | M. | Is this transfer solely between domestic partners currently registered with the California Secretary of State? |

If you checked yes to J, K or L, you may qualify for a property tax reassessment exclusion, which may result in lower taxes on your property.
**If you do not file a claim, your property will be reassessed.**
Please provide any other information that will help the Assessor to understand the nature of the transfer.
If the conveying document constitutes an exclusion from a change in ownership as defined in section 62 of the Revenue and Taxation Code for any reason other than those listed above, set forth the specific exclusions claimed: __PARTNERSHIP DISOLUTION__ .

Please answer all questions in each section. If a question does not apply, indicate with "N/A." Sign and date at bottom of second page.

**PART II: OTHER TRANSFER INFORMATION**

A. Date of transfer if other than recording date

B. Type of transfer *(please check appropriate box):*
   ☐ Purchase ☐ Foreclosure ☐ Gift ☐ Trade or Exchange ☐ Merger, Stock, or Partnership Acquisition
   ☐ Contract of Sale – Date of Contract _____
   ☐ Inheritance – Date of Death _____ ☐ Other *(please explain):* _____
   ☐ Creation of Lease ☐ Assignment of a Lease ☐ Termination of a Lease ☐ Sale/Leaseback
   ☐ Date lease began _____
   ☐ Original term in years (including written options) _____
   ☐ Remaining term in years (including written options) _____
   ☐ Monthly Payment _____ Remaining Term _____

C. Was only a partial interest in the property transferred? ☐ Yes ☐ No
   If yes, indicate the percentage transferred _____ %.

[L/cml]

BOE-502-A (BACK) REV. 9 (8-06)

**Please write Assessor's Parcel Number(s):** 3-381-011

*Please answer, to the best of your knowledge, all applicable questions, then sign and date. If a question does not apply, indicate with "N/A."*

## PART III: PURCHASE PRICE AND TERMS OF SALE

**A.** CASH DOWN PAYMENT OR Value of Trade or Exchange (excluding closing costs)    Amount $_____

**B.** FIRST DEED OF TRUST @ _____ % interest for _____ years, Pymts./Mo. = $ _____ (Prin. & Int. only) Amount $_____
- ☐ FHA ( _____ Discount Points)
- ☐ Conventional
- ☐ VA ( _____ Discount Points)
- ☐ Cal-Vet
- Balloon Payment ☐ Yes
- ☐ Fixed rate
- ☐ Variable rate
- ☐ All inclusive D.T. ($ _____ Wrapped)
- ☐ Loan carried by seller
- ☐ No   Due Date _____
- ☐ New loan
- ☐ Assumed existing loan balance
- ☐ Bank of savings & loan
- ☐ Finance company Amount $_____
- (Prin. & Int. only) Amount $_____

**C.** SECOND DEED OF TRUST @ _____ % interest for _____ years, Pymts./Mo. = $ _____
- ☐ Bank or savings & loan
- ☐ Loan carried by seller
- Balloon payment ☐ Yes
- ☐ Fixed rate
- ☐ Variable rate
- ☐ No   Due Date _____ ☐ Yes ☐
- ☐ New loan
- ☒ Assumed existing loan balance Amount $_____
- No   Amount $_____
- (Prin. & Int. only)

**D.** OTHER FINANCING: Is other financing involved not covered in (b) or (d) above?
- TYPE _____ @ _____ % interest for _____ years, Pymts./Mo. = $ _____
- ☐ Bank or savings & loan
- ☐ Loan carried by seller
- Balloon payment ☐ Yes
- ☐ Fixed rate
- ☐ Variable rate
- ☐ No   Due Date _____ ☐ Yes ☐ No
- ☐ New loan
- ☐ Assumed existing loan balance Amount $_____
- Outstanding Balance: Amount $_____

**E.** WAS AN IMPROVEMENT BOND ASSUMED BY THE BUYER?

**F.** TOTAL PURCHASE PRICE (or acquisition price, if traded or exchanged, include real estate commission if paid.)
Total Items A through E   $_____

**G.** PROPERTY PURCHASED ☐ Through a broker ☐ Direct from seller ☐ From a family member ☐ Other *(please explain)* _____
If purchased through a broker, provide broker's name and phone number: _____
Please explain any special terms, seller concessions, or financing and any other information that would help the Assessor understand the purchase price and terms of sale: _____

## PART IV: PROPERTY INFORMATION

**A.** TYPE OF PROPERTY TRANSFERRED:
- ☐ Single-family residence
- ☐ Multiple-family residence (no. of units: _____)
- ☐ Commercial / Industrial
- ☐ Other (Description: i.e., timber, mineral, water rights, etc.)
- ☐ Agricultural
- ☐ Co-op / Own-your-own
- ☐ Condominium
- ☐ Timeshare
- ☐ Manufactured home
- ☐ Unimproved lot

**B.** IS THIS PROPERTY INTENDED AS YOUR PRINCIPAL RESIDENCE? ☐ Yes ☐ No
If yes, enter date of occupancy _____ (month) _____ (day) 20 _____ (year) or intended occupancy _____ (month) _____ (day) 20 _____ (year)

**C.** IS PERSONAL PROPERTY INCLUDED IN PURCHASE PRICE (i.e., furniture, farm equipment, machinery, etc.) ☐ Yes ☐ No
(other than a manufactured home subject to local property tax)? *(Attach itemized list of personal property.)*
If yes, enter the value of the personal property included in the purchase price $ _____

**D.** IS A MANUFACTURED HOME INCLUDED IN PURCHASE PRICE ☐ Yes ☐ No
If yes, how much of the purchase price is allocated to the manufactured home? $ _____ What is the decal number? _____
Is the manufactured home subject to local property tax? ☐ Yes ☐ No

**E.** DOES THE PROPERTY PRODUCE INCOME? ☐ Yes ☐ No If yes, is the income from:
- ☒ Lease / Rent ☐ Contract ☐ Mineral Rights ☐ Other *(please explain)*: _____

**F.** WHAT WAS THE CONDITION OF THE PROPERTY AT THE TIME OF SALE?
☐ Good ☐ Average ☐ Fair ☐ Poor
Please explain the physical condition of the property and provide any other information (such as restrictions, etc.) that would assist the Assessor in determining the value of the property: _____

## CERTIFICATION

OWNERSHIP TYPE (√)
- Proprietorship ☐
- Partnership ☐
- Corporation ☐
- Other ☐

*I certify that the foregoing is true, correct and complete to the best of my knowledge and belief. This declaration is binding on each and every co-owner and/or partner.*

NAME OF NEW OWNER/CORPORATE OFFICER   ARMANDO VARGAS    TITLE OWNER
SIGNATURE OF NEW OWNER/CORPORATE OFFICER   *Armando Vargas*    DATE 11/20/2007
NAME OF ENTITY *(typed or printed)*    FEDERAL EMPLOYER ID NUMBER
ADDRESS *(typed or printed)*    E-MAIL ADDRESS *(optional)*    DATE

(NOTE: The Assessor may contact you for additional information.)
If a document evidencing a change of ownership is presented to the recorder for recordation without the concurrent filing of a preliminary change of ownership report, the recorder may charge an additional recording fee of twenty dollars ($20).

MO/mo

RECORDING REQUESTED BY:

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
**Filer**

CRSUSY
11/30/2007
14:28:47

Order #:
APN #: 253-061-021

WHEN RECORDED MAIL TO

Alberto H. & Edith R. Sauno
224 Paseo Gularte
San Juan Bautista, CA 95045

DOCUMENT: **2007089924** | Titles: 1/ Pages: 2

Fees.... 11.00
Taxes...
Other... 2.00
AMT PAID $13.00

SPACE ABOVE THIS LINE FOR RECORDERS USE

PARTNERSHIP | **Grant Deed**

The undersigned grantor(s) declare(s):
Documentary transfer tax is $0.00          Disolution of Partnership
(X) computed on full value of property conveyed, or
( ) computed on full value less of liens and encumbrances remaining at time of sale.
( ) Unincorporated area:          (X) City of Salinas

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
V&S Enterprises, A California General Partnership

**hereby GRANT(S) to**
Edith R. Sauno and Alberto H. Sauno, Wife and Husband as Joint Tenants

that property in City of Salinas, Monterey County, State of California, described as:
See "Exhibit A" attached hereto and made a part hereof.

Mail Tax Statements to    Grantee at address above

Date    November 16, 2007


Edith R. Sauno, Partner

State of California

County of    Monterey

On    November 20, 2007    before me,
Gladys Jimenez Alegre                    Armando Vargas, Partner
a Notary Public in and for said State, personally appeared
Edith R. Sauno and Armando Vargas, PARTNERS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

Name    Gladys Jimenez Alegre
                (typed or printed)

FTGIS-140 8/94

GLADYS JIMENEZ ALEGRE
Commission # 1634196
Notary Public - California
Monterey County
My Comm. Expires Jun 30, 2010

(This area for official notarial seal)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

## LEGAL DESCRIPTION EXHIBIT

The West of Lots 6 and 7, in Block "N", in the City of Salinas, County of Monterey, State of California, according to the Map of the Town on New Republic, filed in the Office of the County Recorder, of said County, in Volume 1, Page 6 of Maps of Cities and Towns, together with that portion of the East half of Brutus Street and that portion of Lamar Street, as said streets are shown on said Map and as vacated by Resolution No. 10414 of the City Council of said City, a certified copy of such Resolution being recorded August 4, 1980 in Reel 1423 Page 173 of Official Records in the Office of the County Recorder of said County, that would pass by a conveyance of the West half of said Lots 6 and 7 under Section 1112 of the Civil Code of the State of California.

Except any portion thereof included within Little Bear Creek.

Said land is shown as Parcel "A" on that certain record of survey filed in Volume 22 of Surveys, Page 17 in the Office of said County Recorder.

A.P. NO.: 253-061-021

1
## PROOF OF SERVICE
## [CCP §§ 1013a, 2015.5]

2

3    I am a citizen of the United States and a resident of the County of Monterey, State of

4 California. I am over the age of eighteen years and not a party to *Vargas v. Sauno*; and my

5 business address is 2801 Monterey-Salinas Highway, Suite A, Monterey, California, 93940.

6    On April 3, 2008, I served the attached **CROSS COMPLAINT FOR DAMAGES** on

7 the party below by placing a true copy in an envelope, addressed as follows:

8        Joshua S. Daniels, Esq.
        FISHMAN, LARSEN, GOLDRING & ZEITLER

9        7112 N. Fresno Street, # 450
        Fresno, CA 93720

10

11 [XXX]    **BY OVERNIGHT FEDERAL EXPRESS.** I served a copy of this document at
        the office of the above party.

12

13    I declare under penalty of perjury under the laws of the State of California that the

14 foregoing is true and correct and that this declaration was executed on April 3, 2008, at

15 Monterey, California.

16                   James Anderson

17

18

19

20

21

22

23

24

25

26

27

28

17

---

**CROSS COMPLAINT FOR DAMAGES**
EDITH SAUNO v. ARMANDO VARGAS, Case No. M 89632