1  LAW OFFICES OF TOMAS E. MARGAIN
   TOMAS E. MARGAIN, Bar No. 193555
2  JACOB SIDER, Bar No. 236084
   1550 Bryant Street, Suite 725
3  San Francisco, CA 94103
   Telephone: 415-861-9600
4  Fax: 415-861-9622

5  Attorneys for Plaintiffs

6  Douglas M. Larsen, Bar No. 142852
   FISHMAN, LARSEN, GOLDRING AND ZEITLER
7  7112 North Fresno Street, Suite 450
   Fresno, CA 93720
8  Telephone (and Fax): 559-256-5000
9  larsen@flgz.net

10 Attorneys for Defendant

11              UNITED STATES DISTRICT COURT

12         FOR NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15 JOSE FELIPE RUIZ; CARLOS AGUILAR    | Case No.: 08-CV-01804PVT
   RIVAS; MARCELINO HERNANDEZ;
16 ALEJANDRO AGUILAR; RAMIRO
   HERNANDEZ PARRA                      | **STIPULATION TO GRANT PLAINTIFFS
17                                       LEAVE TO AMEND COMPLAINT;**
          Plaintiffs,                   | [XXXXXXXXX] **ORDER**
18
          v.
19 ARMANDO VARGAS
20
          Defendant
21

22

23     The parties submit the following Stipulation asking the Court to grant Plaintiffs leave to

24 amend their complaint to add as Plaintiffs EDITH R. SAUNO, NOE VARGAS and JAVIER

25 VARGAS.

                                    - 1 -                              08-CV-

WHEREAS, Defendant ARMANDO VARGAS has filed a Third-Party Complaint against EDITH R. SAUNO pursuant to Federal Rules of Civil Procedure, Rule 14, seeking a determination regarding the amounts that EDITH R. SAUNO. if any, should be held liable if ARMANDO VARGAS is found liable in the present lawsuit.

WHEREAS, after ARMANDO VARGAS filed a complaint in Monterey County Superior Court, case number M 89632, seeking, *inter alia*, quiet title to certain real properties and also a declaration regarding the respective rights between ARMANDO VARGAS and EDITH R. SAUNO as to the ownership of QUALITY PLUMBING, SAUNO filed a verified pleading in which she alleged that she was a co-owner of QUALITY PLUMBING;

WHEREAS, Plaintiffs believe that their investigation avers that JAVIER VARGAS and NOE VARGAS exercised sufficient control over the hours worked and payment of wages of Plaintiffs such that under the FLSA they may be held liable as an "Employers" (29 U.S.C. § 203(d)) and as such there is a colorable claim as to him.

WHEREAS, the parties, through their counsel, Stipulate to the filing of an Amended Complaint with full reservations by Defendants to challenge in whole or in part any claim made there under;

WHEREAS, A proposed Amended Complaint is attached as Exhibit "A" and incorporated by reference;

///
///
///
///
///
///
///
///
///
///
///

- 2 -

08-CV-

01804 PVT
STIPULATION TO GRANT PLAINTIFFS LEAVE TO AMEND COMPLAINT; [PROPOSED] ORDER
Ruiz, et al. v. Vargas

1  **IT IS HEREBY STIPULATED** by and between Plaintiffs and ARMANDO VARGAS, through

2  their respective counsel, as follows:

3        1.      Plaintiffs shall have leave to file and serve their proposed Amended Complaint.

      2.      This Stipulation may be signed in counterparts and a facsimile signature shall

4  have the same force and effect as an original signature. For purposes of expediting the matter,

5  the Stipulation may also be submitted with electronic signatures.

6

7          **FOR PLAINTIFFS**              **LAW OFFICES OF TOMAS E.**
                                     **MARGAIN**

8

9

10 DATED: _____    By: _____
                                       Jacob Sider

11

12         **FOR DEFENDANT**          **FISHMAN, LARSEN, GOLDRING**
        **ARMANDO VARGAS**           **AND ZEITLER**

13

14

15 DATED: _____    By: _____
                                        Douglas M. Larsen

16

17       **IT IS SO ORDERED**

18

19

20 DATED: November 24, 2008 _____
                                   Hon. Patricia V. Trumbull

21                                    United States Magistrate Judge

22

23

24

25

                                    - 3 -                    08-CV-

# EXHIBIT A

LAW OFFICES OF TOMAS E. MARGAIN
TOMAS E. MARGAIN, Bar No. 193555
JACOB SIDER, Bar No. 236084
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:               415-861-9622
margainlaw@hotmail.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOSE FELIPE RUIZ; CARLOS AGUILAR RIVAS; MARCELINO HERNANDEZ; ALEJANDRO AGUILAR; RAMIRO HERNANDEZ PARRA<br><br>        Plaintiffs,<br><br>    vs.<br><br><br>ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; EDITH R. SAUNO;<br><br><br>        Defendants | Case No.: C 08 00267 JF<br><br>**FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL**<br>Federal FLSA Claim:<br>        1. Failure to pay overtime and minimum wage: 29 U.S.C. §§ 207, 216(b), and 255(a);<br>California State Claims:<br>        2. Failure to pay overtime and minimum wages (California Labor Code §§ 510; 1194(a); 1815);<br>        3. Breach of Contract<br>        4. Failure to Provide Accurate Pay Stubs and Records; Submitting False and Fraudulent Certified Payroll Records (California Labor Code §§ 226, 1174, 1776, IWC Wage Order No. 16 § 6);<br>        5. Failure to Pay Wages Due at End of Employment (California Labor Code §§ 201, 203); and<br>        6. Violation of California Business and Professions Code §§ 17200. |

## NATURE OF CLAIM

1.  This is a action by construction workers who performed labor for DEFENDANTS in the

1

craft of Plumbers and who are bringing claims for unpaid wages, unpaid overtime wages, unpaid prevailing wages, interest, penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime and minimum wages as required by the Fair Labor Standards Act and California law. PLAINTIFFS seek compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b) for themselves and other opt-in workers in a representative capacity under the FLSA. Under pendant State Law claims PLAINTIFFS bring claims for waiting time penalties under California Labor Code § 203, a liquidated damages assessment under California Labor Code § 1194.2, penalties under California Labor Code § 226 (wage stub violations), attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).

2. , PLAINTIFFS including Opt-In Consenters', claims can be summarized as follows:

(a) Preliminary and post-liminary labor claims (Overtime FLSA): When PLAINTIFFS, including Opt-In Consenters, were employed by DEFENDANTS, at various times they were required to show up to the shop and began to perform compensable labor and were not paid until they showed up to a job site. This included: (1) loading tools, material and equipment; (2) picking up paperwork or having work related meetings; (3) going to various vendors to purchase or pick up tools, material or equipment; and (4) transporting themselves, tools, material or equipment to a job site in a company truck. At the end of the day, PLAINTIFFS, including Opt-In Consenters, were not paid for their compensable labor to return the work trucks, materials, tools and themselves to the construction shop. This leads to overtime and wage claims as PLAINTIFFS' actual work week was over 40 hours and they were not paid overtime wages.

(b) Shaving or Reducing Work Hours (Overtime /FLSA): When PLAINTIFFS, including Opt-In Consenters, worked in Prevailing Wage or Public Works projects, they were not paid for

FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)

all hours worked at the construction job site. This was done to reduce the rate of pay so that workers would be paid at the correct prevailing wage rate for the craft of work they discharged but for a lesser number of hours. This leads to FLSA overtime exposure as PLAINTIFFS' actual work week of compensable labor was over 40 hours.

(c) <u>Misclassification and Failure to pay prevailing wages (Overtime /FLSA)</u>: PLAINTIFFS, including Opt-In Consenters, performed labor as plumbers on various Public Works construction projects which require the payment of Prevailing Wages by operation of contract and State Law. On those projects, DEFENDANTS failed to pay the Prevailing Wages, for the type or classification of labor PLAINTIFFS, including Opt-In Consenters, discharged, as determined and disseminated by the State of California's Department of Industrial Relations. This was done by either paying workers the wrong classification to take advantage of a lower pay scale or by failing to pay any recognizable prevailing wage and falsifying Certified Pay records. This leads to FLSA overtime exposure as PLAINTIFFS' actual work week of compensable labor was over 40 hours.

(d) <u>Paying Salary to Not Pay Overtime Wages</u>: PLAINTIFFS, including Opt-In Consenters, at various times were paid a lump sum or salary amount and worked overtime hours being over 40-hours in one week (FLSA) and over 8-hours in one day (California Labor Code section 510). As a result, and by operation of law, PLAINTIFFS, including Opt-In Consenters, are owed time and a half their regular rate for all overtime hours.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

**PARTIES**

5.  PLAINTIFFS JOSE FELIPE RUIZ; CARLOS AGUILAR RIVAS; MARCELINO

HERNANDEZ; ALEJANDRO AGUILAR; RAMIRO HERNANDEZ PARRA AND Opt-In

Consenter PLAINTIFFS were, and at all relevant times herein are individuals over the age of

eighteen employed by DEFENDANTS, one or all, during the statute of limitations in this action.

6.  Opt-in Consenters are workers who are making similar claims and who have filed Opt-

In Consent Forms to join as plaintiffs in this action pursuant to the special procedures for

representative actions under the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. Said Opt-In

Forms shall be filed with the Court and PLAINTIFFS reserve the right to file a Motion to Send

said workers Notice of their right to Opt-in to this action. Attached to this First Amended

Complaint as Exhibit A are the Opt-in forms of named PLAINTIFFS. Opt-In Consent Forms

for other named individuals, who are asserting claims under the FLSA shall be filed with the

Court when received by PLAINTIFFS' counsel.

7.  Plaintiffs are informed and believe and therefore allege, that at all times mentioned

herein DEFENDANTS ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; and

EDITH R. SAUNO (hereinafter, "JOINT EMPLOYER DEFENDANTS") were engaged in the

business of plumbing construction, maintenance and repair in Northern California with

particularity in Monterey, San Benito, Santa Cruz and Santa Clara counties.  DEFENDANTS

run and operate a company known as QUALITY PLUMBING.

8.  Defendant ARMANDO VARGAS is the owner and license holder, of QUALITY

PLUMBING for licensing purposes with the State of California Contractors State Licensing

Board ("CSLB").

9.  Defendant EDITH SAUNO is a co-owner of QUALITY PLUMBING.

4

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

10. Defendant JAVIER VARGAS had operational control of the day to day functions of QUALITY PLUMBING. He had the power to act, on behalf of QUALITY PLUMBING vis-à-vis its employees, including PLAINTIFFS.

11. Defendant NOE VARGAS had operational control of the day to day functions of QUALITY PLUMBING. He had the power to act, on behalf of QUALITY PLUMBING vis-à-vis its employees, including PLAINTIFFS.

12. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS have jointly employed PLAINTIFFS as plumbers on the PROJECTS and in other work throughout their employment with QUALITY PLUMBING. PLAINTIFFS are informed and believe and based thereon allege that ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; and EDITH R. SAUNO are related and in common control of a same group of people, that their employment with QUALITY PLUMBING was not independent and disassociated, but as result of arrangement between ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; and EDITH R. SAUNO, each was acting on behalf of or in the interest of the other in relation to the employment of each PLAINTIFFS, and that at all times relevant herein stated, PLAINTIFFS were under the control of QUALITY PLUMBING; ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; and EDITH R. SAUNO.

13. PLAINTIFFS are informed and believe and therefore allege that ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; and EDITH R. SAUNO constitute an integrated, unified economic enterprise in biding, contracting, managing labor relations with respect to various construction projects, including the PROJECTS for which PLAINTIFFS were not properly paid minimum prevailing wage and/or overtime wages.

14. Plaintiffs hereinafter collectively refer to ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; and EDITH R. SAUNO as JOINT EMPLOYER DEFENDATS. PLAINTIFFS

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

seek joint and severable liability of JOINT EMPLOYER DEFENDANTS for the wages owed PLAINTIFFS.

15.  PLAINTIFFS are informed and believe and therefore allege that certain JOINT EMPLOYER DEFENDANTS and each of them, controlled and operated QUALITY PLUMBING.  PLAINTIFFS are further informed and believe and based thereon allege that QUALITY PLUMBING was operated in such that each JOINT EMPLOYER DEFENDANT was the alter-ego of the other, that a unity of interest exists between them such way that in equity any separateness of form should be disregarded to prevent fraud and injustice.

16.  PLAINTIFFS are informed and believe and therefore allege that adherence to the separate existence of JOINT EMPLOYER DEFENDANTS as entities distinct from each other, would permit an abuse of the corporate privilege and would sanction a fraud in that said DEFENDANTS, and each of them, while acting as  principle owners, shareholders, agents, officers employees and/or servants of QUALITY PLUMBING  knowingly performed the following:  (1) engaged in wage and hour fraud against employees of QUALITY PLUMBING, including PLAINTIFFS; (2) acted to conceal the fact that PLAINTIFFS and/or their fellow employees were not paid prevailing wages by submitting falsified payroll records to the awarding agencies; (3) underbid the subcontracts and/or contracts for the PROJECTS with knowledge that the bid was insufficient to pay PLAINTIFFS and/or other fellow employees prevailing wages; and (4)  underbid the subcontracts and/or contracts for the PROJECTS in order to gain an unfair advantage over the competition in being awarded the subcontract and/or contract for the PROJECTS.  Said DEFENDANTS' acts or omissions thereby subjected JOINT EMPLOYER DEFENDANTS to criminal and civil liability for failure to pay minimum prevailing wages, tax fraud, insurance fraud, and numerous other wage and hour violations.

FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)

17.   PLAINTIFFS  are informed and believe and therefore allege that certain JOINT

EMPLOYER DEFENDANTS are jointly and severally liable under for the underpayment of

prevailing wages and resulting assessments under California Labor section 1722.1 which states:

> For the purposes of this chapter, "contractor" and
> "subcontractor" include a contractor, subcontractor, licensee,
> officer, agent, or representative thereof, acting in that capacity,
> when working on public works pursuant to this article and Article 2
> (commencing with Section 1770).

18.   During the employment of PLAINTIFFS, including Opt-In Consenters, ARMANDO

VARGAS at various times had payroll checks issued by DALRADA FINANCIAL for labor

performed for JOINT EMPLOYER DEFENDANTS.  Based on information and belief,

DALRADA FINANCIAL is a Delaware Corporation which had its corporate status forfeited.

## GENERAL ALLEGATIONS

19.  JOINT EMPLOYER DEFENDANTS employed PLAINTIFFS, including Opt-In

Consenters, at all relevant times within the statute of limitations in this action various

PREVAILING WAGE PROJECTS and on PRIVATE PROJECTS being construction, service

or maintenance repair work does for a private party and not subject to Prevailing Wage laws and

obligations.

20.  JOINT EMPLOYER DEFENDANTS compensated PLAINTIFFS, including Opt-In

Consenters, for their labor on the PREVAILING WAGE PROJECTS at a rate of pay below the

prevailing wage rate of pay for the classification of their labor.  This was accomplished by

various schemes including but not limited to: (1) not paying preliminary and postliminary labor;

(2) reducing or shaving the number of hours worked on any PREVAILING WAGE PROJECTS;

and (3) paying the incorrect prevailing wage rate for the classification of work discharged.

FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)

21.  JOINT EMPLOYER DEFENDANTS did not compensate PLAINTIFFS, including Opt-In Consenters, for their labor by making any fringe benefit contributions that could offset the prevailing wage rate of pay for the classification of their labor.

22.  JOINT EMPLOYER DEFENDANTS did not compensate PLAINTIFFS, including Opt-In Consenters, for their labor during their entire employment by paying overtime wages when due and owing.

23.  JOINT EMPLOYER DEFENDANTS did not compensate PLAINTIFFS, including Opt-In Consenters, for their labor by paying for all hours worked ("SHAVING OF HOURS"). Typically, JOINT EMPLOYER DEFENDANTS had PLAINTIFFS and other workers work show up to the shop before the scheduled start time and had them begin performing compensable labor.  At the end of a work day, when PLAINTIFFS, including Opt-In Consenters, were out on the field on a construction project, JOINT EMPLOYER DEFENDANTS stopped paying PLAINTIFFS, including Opt-In Consenters, for their work and did not pay them for the time it took them to load tools or equipment, drive back to the shop or be driven back to the shop, and unload tools or equipment.

24.  JOINT EMPLOYER DEFENDANTS misclassified PLAINTIFFS, including Opt-In Consenters, as Laborers, to pay them a lower pay scale, when they worked as Plumbers and earned a higher pay scale for the discharge of their labor on Prevailing Wage projects.

25.  JOINT EMPLOYER DEFENDANTS employed PLAINTIFFS, including Opt-In Consenters, and paid them for their labor with checks issued by DALRADA FINANCIAL even though they performed compensable labor for JOINT EMPLOYER DEFENDANTS and worked earned but unpaid overtime wages while employed by JOINT EMPLOYER DEFENDANTS.

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

**COUNT ONE**
**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207, 216(b), and 255(a)
*Failure to Pay Overtime Wages and Minimum Wages*

26. PLAINTIFFS re-allege and incorporate the allegations of paragraphs 1-25 as if fully stated herein.

27. At all relevant times herein, PLAINTIFFS' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

28. JOINT EMPLOYER DEFENDANTS are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

29. JOINT EMPLOYER DEFENDANTS routinely required and/or suffered or permitted PLAINTIFFS, including Opt-In Consenters, to work more than 40 hours per week, sometimes without paying them any wages at all for such overtime work, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

30. JOINT EMPLOYER DEFENDANTS routinely failed to pay PLAINTIFFS, including Opt-In Consenters, the prevailing wage for their labor on the PROJECTS which are Public Works Project, pursuant to California law, and require the payment of the Prevailing Wage which is a minimum wage of the State of California.

31. In failing to pay PLAINTIFFS, including Opt-In Consenters, overtime wages at one-and-one-half times their regular rate of pay, including hours for which Plaintiffs, including Opt-In Consenters, received no compensation, and in failing to pay the minimum wage DEFENDANTS willfully violated the FLSA.

32. As a direct and proximate result of JOINT EMPLOYER DEFENDANTS' failure to pay proper wages under the FLSA, PLAINTIFFS, including Opt-In Consenters, incurred general

9

1    damages in the form of lost overtime wages and lost minimum wages in an amount to be proved

2    at trial.

3       33.  JOINT EMPLOYER DEFENDANTS intentionally, with reckless disregard for their

4    responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFFS, including

5    Opt-In Consenters, their proper wages, and thus defendants are liable to PLAINTIFFS, including

6    Opt-In Consenters, for liquidated damages in an amount equal to their lost wages over a three

7    year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

8       34.  PLAINTIFFS, including Opt-In Consenters, were required to retain legal assistance in

9    order to bring this action and, as such, are entitled to an award of reasonable attorney's fees

10   pursuant to the FLSA.

### COUNT TWO
### PENDENT STATE CLAIM
*Violation of California Labor Code §§ 510, 1771-1810, 1194, 1194.2 & 1197*
*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private*
*Construction Projects*

15      35.  PLAINTIFFS re-allege and incorporate the allegations of paragraphs 1-34 as if fully

16   stated herein.

17      36.  At all times mentioned herein, PLAINTIFFS, including Opt-In Consenters, were

18   employed in execution of PROJECTS which was and is subject to the prevailing wage laws of

19   the State of California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on

20   public construction projects.  Pursuant to Labor Code §§ 1771 &1774, all employees, including

21   PLAINTIFFS, including Opt-In Consenters, hired in execution of PROJECTS, shall be paid for

22   their work on the PROJECTS not less than the general prevailing rate of per diem wages for

23   work of a similar character in the locality in which the public work is performed, and not less

24   than the general prevailing rate of per diem wages for holiday and overtime work.  Said

25   Prevailing Wage rates are disseminated by the State of California's Department of Industrial

**FIRST AMENDED COMPLAINT (FLSA; PENDENT STATE CLAIMS)**

Relations and pursuant to California laws and Regulations all contractors in the execution of a public works construction project are mandated by law to pay these minimum wages.

37. At all times mentioned herein, JOINT EMPLOYER DEFENDANTS were subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken on public works construction projects. Pursuant to Labor Code §§1771, 1774 and 1815, JOINT EMPLOYER DEFENDANTS had a duty to pay their employees on such projects, including PLAINTIFFS who were employed in the execution of the contract of the PROJECTS, not less than one and one-half times their basic prevailing rate of pay for holiday and overtime work, as specified in annual and semi-annual bulletins published by the California Department of Industrial Relations.

38. At all times mentioned herein, JOINT EMPLOYER DEFENDANTS were subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken on private construction projects. Pursuant to Labor Code §510, JOINT EMPLOYER DEFENDANTS had a duty to pay their employees, including PLAINTIFFS, who worked on such private constructions projects not less than the one and one-half times their contractually agreed upon regular rate of pay for non-public works construction projects for all hours worked in excess of 8 hours a day and 40 hours a week.

39. PLAINTIFFS are informed and believe and based thereon contend that for work performed on PROJECTS, they were paid less than the required minimum prevailing rate for non-holiday and non-overtime hours and less than the required minimum prevailing rate for holiday and overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works construction projects they were paid less than one and one-half times their regular rate of pay, or not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by California Labor Code § 510.

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

40. PLAINTIFFS, including Opt-In Consenters, therefore contend that for their work performed on PROJECTS, JOINT EMPLOYER DEFENDANTS violated Labor Code §§ 1771, 1774 and 1815, specifically by failing and refusing to comply with the statutory duty to pay PLAINTIFFS or to ensure that PLAINTIFFS, including Opt-In Consenters, be paid, prevailing wages and prevailing wage for holiday and overtime work as required by the contracts and by statute. PLAINTIFFS, including Opt-In Consenters, also contend that for non-public works construction projects, JOINT EMPLOYER DEFENDANTS violated Labor Code §510, specifically by failing and refusing to comply with the statutory duty to pay PLAINTIFFS, including Opt-In Consenters, one and one-half times their regular rate of pay for hours worked in excess of 8 hours a day or 40 hours a week as required by statute.

41. Pursuant to Labor Code § 1194, for their work on PROJECTS, PLAINTIFFS, including Opt-In Consenters, seek as earned but were not paid minimum prevailing wages and required minimum prevailing wage for holiday and overtime work; and for their work on non-pubic works construction projects, PLAINTIFFS, including Opt-In Consenters, seek as earned but unpaid overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week. PLAINTIFFS, including Opt-In Consenters, are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein. PLAINTIFFS, including Opt-In Consenters, also seek an assessment under Labor Code § 1194.2.

42. PLAINTIFFS, including Opt-In Consenters, have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## COUNT THREE
### PENDENT STATE CLAIM
### BREACH OF CONTRACT -THIRD PARTY BENEFICIARY

43. PLAINTIFFS re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

44. PLAINTIFFS are informed and believe and based thereon allege that when they worked on various PROJECTS, there was a written CONTRACT in place, wherein workers on the PROJECTS were to be paid the applicable Prevailing Rate.

45. PLAINTIFFS are informed and believe and based thereon allege that the CONTRACTS required JOINT EMPLOYER DEFENDANTS to comply with all applicable legal requirements for work undertaken on public works projects and ensure its subcontractors to comply with all such laws, including payment of prevailing wages pursuant to Labor Code §§ 1194 and 1770 et seq.

46. Except as excused by the wrongful conduct of JOINT EMPLOYER DEFENDANTS, PLAINTIFFS, including Opt-In Consenters, have performed all conditions required to be performed by PLAINTIFFS, including Opt-In Consenters, under the CONTRACTS.

47. The CONTRACTS are valid, enforceable, and was entered into with mutuality of contract, by an offer and acceptance, and for consideration.

48. PLAINTIFFS are informed and believe and based thereon allege that JOINT EMPLOYER DEFENDANTS breached the CONTRACTS by failing to pay prevailing wages as required by the CONTRACTS, and as required by California law, and by failing to submit truthful and accurate Certified Payroll Records to the public bodies awarding the CONTRACTS. PLAINTIFFS, including Opt-In Consenters, were damaged by the failure of JOINT EMPLOYER DEFENDANTS to pay prevailing wages.

49. PLAINTIFFS have standing as intended third-party beneficiaries of the CONTRACTS to assert said claims.

50.  As a result of JOINT EMPLOYER DEFENDANTS' breach of the CONTRACTS, as more fully set forth herein, PLAINTIFFS, including Opt-In Consenters, were damaged in an amount to be proved at trial.

51.  PLAINTIFFS seek as contractual damages earned but unpaid wages being the difference between the amount paid and the prevailing wage rate as determined by the Director of Industrial Relations.

52.  PLAINTIFFS, including Opt-In Consenters, are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein.

53.  PLAINTIFFS are informed and believe and based thereon allege that the CONTRACTS at issue provided that should a dispute arise in connection with the CONTRACTS that attorneys fees would be awarded to the prevailing party. PLAINTIFFS, including Opt-In Consenters, have incurred, and will continue to incur attorney fees in the prosecution of this action and therefore demand such reasonable attorneys' fees as set by the court.

## COUNT FOUR
### PENDENT STATE CLAIM
*California Labor Code § 226 & 1174*
*Wage Stubs and Record Keeping*

54.  PLAINTIFFS re-allege and incorporate the allegations of paragraphs 1-53 as if fully stated herein.

55.  At all times relevant hereto, JOINT EMPLOYER DEFENDANTS were subject to the provisions of IWC Wage Order 16-2001, and Labor Code §§ 226 and 1174, which require an employer to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three years; and to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

56. JOINT EMPLOYER DEFENDANTS knowingly and intentionally failed to provide PLAINTIFFS, including Opt-In Consenters, with accurate, itemized wage statements in compliance with Labor Code §226. Such failures in JOINT EMPLOYER DEFENDANTS` itemized wage statements included, among other things, not accurately showing the number of all hours worked, including overtime hours, in each pay period and/or incorrectly reporting gross wages earned.

57. As a direct result of JOINT EMPLOYER DEFENDANTS ' failure, PLAINTIFFS, including Opt-In Consenters, were injured and entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $100.00 for each violation up to $4,000.00.

58. PLAINTIFFS have incurred, and will continue to incur attorney fees in the prosecution of this action.

**COUNT FIVE**
**PENDENT STATE CLAIM**
*California Labor Code Section 203*
*Waiting Time Penalties*

59. PLAINTIFFS re-allege and incorporate the allegations of paragraphs 1-58 as if fully stated herein.

60. At the time PLAINTIFFS` employment with JOINT EMPLOYER DEFENDANTS was terminated, JOINT EMPLOYER DEFENDANTS owed PLAINTIFFS, including Opt-In Consenters, certain unpaid overtime wages as previously alleged, and such wages owed each PLAINTIFF were ascertainable at the time of termination.

61. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

62. As of this date, JOINT EMPLOYER DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such defendants liable to PLAINTIFFS, including Opt-In Consenters, for penalties equal to thirty (30) days wages.

## COUNT SIX
## PENDENT STATE CLAIM
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

63. PLAINTIFFS re-allege and incorporate the allegations of paragraphs 1-62 as if fully stated herein.

64. At all times relevant herein, PLAINTIFFS' employment with JOINT EMPLOYER DEFENDANTS was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain minimum prevailing wages, overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by the law, and also required PLAINTIFFS, including Opt-In Consenters, to be paid premium pay for missed rest periods.

65. At all times relevant herein, the employer of PLAINTIFFS, JOINT EMPLOYER DEFENDANTS were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the PLAINTIFFS, including Opt-In Consenters, certain minimum prevailing wages, overtime pay as required by applicable state and federal laws and failed to pay premium pay for missed meal/rest periods, to all of which PLAINTIFFS, including Opt-In Consenters, were legally entitled, with JOINT EMPLOYER DEFENDANTS keeping to himself the amount which should have been paid to PLAINTIFFS, including Opt-In Consenters.

66. In doing so, JOINT EMPLOYER DEFENDANTS violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom JOINT EMPLOYER DEFENDANTS were in competition and who were in compliance with the law.

67. As a direct and proximate result of JOINT EMPLOYER DEFENDANTS' violations and failure to pay the required minimum prevailing wages and overtime pay, the PLAINTIFFS' rights under the law were violated and the Plaintiffs, including Opt-In Consenters, incurred general damages in the form of unpaid wages in amount to be proved at trial.

68. JOINT EMPLOYER DEFENDANTS had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay PLAINTIFFS, including Opt-In Consenters, minimum prevailing wages and overtime pay due.

69. PLAINTIFFS, having been illegally deprived of the minimum prevailing wages and overtime pay to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

70. PLAINTIFFS bring this count on their own behalf only, and as a claim for restitution, over a four year statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for the following relief:

1. For compensatory damages per for all wages earned but not paid, all overtime wages earned and not paid and the failure to pay Prevailing Wages and applicable fringe benefits which are an item of prevailing wages in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime and minimum wages;

3. For unpaid premium pay for rest periods which were not authorized or permitted;

4. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period premium pay;

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

5. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid minimum wage under California Labor Code §§ 1194(a);

6. For "waiting-time" penalties under California Labor Code §203.

7. For "liquidated damages" under California Labor Code §1194.2 for the failure to pay minimum wages;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. For costs of suit herein;

10.     For actual damages or a statutory penalty for non-compliant wage stubs; and

11.     For such other and further relief as the Court may deem appropriate.

Dated: November ___, 2008

Respectfully submitted,


By: _____
        JACOB SIDER
        Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs herein demand trial by jury in this action.

Dated: November ___, 2008

Respectfully submitted,


By: _____
        JACOB SIDER
        Attorneys for Plaintiffs

18

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: November 7, 2008

Respectfully submitted,

By: _____
     JACOB SIDER
     Attorneys for Plaintiffs

19

**FIRST AMENDED COMPLAINT (FLSA; PENDANT STATE CLAIMS)**