1  Tomas E. Margain, Bar No. 193555
2  DAL BON & MARGAIN
   28 NORTH 1ST STREET, SUITE 210
3  SAN JOSE, CA 95113
   TEL (408) 297-4729
4  FAX (408) 297-4728

5   margainlaw@hotmail.com

6   Attorneys for Plaintiffs

7  Douglas M. Larsen, Bar No. 142852
   Travis R. Stokes, Bar No. 225122
8  FISHMAN, LARSEN, GOLDRING AND ZEITLER
   7112 North Fresno Street, Suite 450
9  Fresno, CA 93720
   Telephone: 559.256.5000
10 Fax: 559.256.5005
   Email: larsen@flgz.net
11        Stokes@flgz.net

12 Attorneys for Defendants and Cross-Complainant ARMANDO VARGAS,
   NOE VARGAS & JAVIER VARGAS
13

14

15                  UNITED STATES DISTRICT COURT

16              FOR NORTHERN DISTRICT OF CALIFORNIA

17                       SAN JOSE DIVISION

18

19 JOSE FELIPE RUIZ; CARLOS AGUILAR    | Case No.: 08-CV-01804PVT
   RIVAS; MARCELINO HERNANDEZ;
20 ALEJANDRO AGUILAR; RAMIRO
   HERNANDEZ PARRA; SALOMON GOMEZ;     | **STIPULATION TO CONTINUE TRIAL**
21 MAURO HERNANDEZ; HERIBERTO          | **AND PRE TRIL DEADLINES 90 DAYS**
   PAMAZ-LUCAS; ANTONIO HERNANDEZ;     | **AND |xxxxxxxxxx)] ORDER**
22 ANTONIO GONZALES; and ALEJANDRO
   GONZALES,
23
           Plaintiffs,
24
       vs.
25

                                     - 1 -                        08-CV-
**01804 PVT**
Ruiz, et al.  v. Vargas

| | |
|---|---|
| ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS; EDITH R. SAUNO; <br><br> Defendants | |
| ARMANDO VARGAS <br><br>    Cross-Complainant <br><br> Vs <br><br> EDITH R. SAUNO <br><br>    Cross-Defendant | |

     The parties submit the following Stipulation, to continue the Trial and all trial setting deadlines 90 days, including discovery cut-off deadlines.   This is based on events or information learned in March and April which both impacts trial setting and give the parties a realistic window to resolve the matter.  As will be shown herein, events have occurred which were preconditions to beginning negotiations.  A continuance would give the parties a period to attempt to resolve this dispute by scheduling a Settlement Conference with the Honorable Howard Lloyd and if a settlement cannot be reached finish up fact discovery.

     Good cause is met for the continuance based on the following which affects every Defendant and some of the Plaintiffs:

     1.    With respect to Defendant Armando Vargas, his Chapter 7 Bankruptcy, Case No. 09-56214 RLE, is ongoing and there is a stay as to him.  Plaintiffs have filed an adversarial action and had their first Case Management Conference on March 25, 2010 in the bankruptcy

action. Plaintiffs' counsel has retained bankruptcy co-counsel Gregory McDonald. Both have communicated extensively with Barry Milgrom counsel for the Chapter 7 Bankruptcy Trustee. During those conversations, Mr. Milgrom made it clear that some of the adversarial claims asserted are the property of the bankruptcy Estate and may not be negotiated or compromised. As this is Plaintiffs' counsel's understanding as well, these claims are being dismissed. This will allow the parties to begin negotiating with Defendant Vargas' bankruptcy counsel and if a settlement is reached it will be presented to the Trustee and to the Bankruptcy Court. This has caused a delay which was cleared up prior to the March 25, 2010 CMC. Once these claims are dismissed, both the Chapter 7 Trustee's attorney and Defendant Vargas' bankruptcy counsel have expressed a willingness to enter into settlement negotiations.

2.   Plaintiffs learned for the first time on April 19, 2009 that Defendant JAVIER VARGAS filed for bankruptcy protection under Chapter 7 and was granted a discharge on June 9, 2009 in the case entitled In re Javier Vargas Pena 09-51532 ASW 7. Based on the preliminary research conducted by Plaintiffs' counsel, Plaintiffs were not listed as creditors. Moreover, it appears that the Bankruptcy Court has jurisdiction over the scope of the discharge. Counsel for Javier Vargas contends that whether or not Plaintiffs were listed as creditors is inconsequential. Since Javier Vargas filed chapter 7 bankruptcy and did not have any assets, Plaintiffs (the potential creditors) cannot execute on any potential judgment against Javier Vargas since those claims would be discharged under the bankruptcy code and applicable case law. Javier Vargas relies on the following cases as support for his position: *In re Beezley* (1992) 994 F.2d 1433, 1436-1437 ["…in the typical Chapter 7 case, the debtor's failure to list a creditor does not, in and of itself, make the creditor's claim nondischargeable... the debt remains within the scope of the discharge afforded by section 727. Scheduling, per se, is irrelevant."]; *Mendiola*, 99 B.R. at 867 [since dischargeability is unaffected by scheduling in a no asset, no bar date case, "reopening the case merely to schedule the debt is for all practical purposes a useless gesture."]; *American Standard*, 147 B.R. at 483 [of "no legal effect"]; *Stecklow*, 144 B.R. at 317 ["futile"]; *Tucker*, 143 B.R. at 334 ["'unnecessary" and "unwarranted"]; *Peacock*, 139 B.R. at 422 ["pointless"]; *Thibodeau*, 136 B.R. at 10 ["meaningless"]. A continuance will allow the parties to asses the

impact of this during settlement negotiations.   Moreover, it would give Defendant Javier Vargas the ability to move for a dismissal based on this.

4. As to Defendant NOE VARGAS, it has been represented to Plaintiffs' counsel that he does not have any significant assets and a continuance would allow Plaintiffs' counsel to verify this.  In the event Plaintiffs' counsel discovers that Noe Vargas does not have the means by which to satisfy a judgment, Plaintiffs will dismiss the action against him.  By signing this Stipulation granting Plaintiffs additional time to verify the financial condition of Noe Vargas, he is not waiving his rights to assert any defense, including that he was not Plaintiffs' employer since he did not exercise control over the nature and structure of the employment relationship and he did not have control of the company operations or finances; rather, he merely acted as a supervisor to plumbers on his crews.

5. As to Defendant Edith Sauno, she and Defendant Armando Vargas were litigating issues over the ownership of three pieces of real property which were a stumbling block for any settlement she could reach with Plaintiffs.  Plaintiff recently learned, by an April 16, 2010 Notice from Mr. Milgrom, counsel for the trustee in the Armando Vargas Bankruptcy, that the Trustee intends to compromise claims between Sauno and Vargas.  A true and correct copy of the Notice is attached hereto as Exhibit A.  Defendant Sauno will get ownership of the properties in exchange for $150,000.00.  If the compromise if approved, this will allow Defendant Sauno to finance a settlement if one can be reached.

6. Defendant Sauno's deposition was also timely Noticed and she is unable to be deposed by the end of this month as she is in Mexico.  A continuance will allow the deposition to go forward.

7. Finally, three of the eleven Plaintiffs have moved to Mexico.  As a result, Plaintiffs' counsel cannot produce them in the United States nor do Defendants have an opportunity to depose them.  A continuance would allow the parties to complete discovery or for Plaintiffs to move for a protective order allowing them to be deposed by videoconferencing. Defendants will oppose such a protective order.

8. In spite of the Stipulation for a continued trial date, counsel believe that the parties should still participate in a settlement conference with Judge Lloyd that is to be completed by mid-May 2010. By that time, Plaintiffs' counsel will have had an opportunity to determine the financial status of Noe Vargas, to confirm whether a judgment can be executed with respect to Javier Vargas, and determine if the property compromise between Sauno and the Vargas Estate were approved.

**IT IS HEREBY STIPULATED** by and between the parties, through their respective counsel, as follows:

1. That the non-jury trial in this matter be continued 90 days to October 25, 2010 at 9:30 a.m..
2. Deadline Fact Discovery Cutoff . . . . . . .. July 26, 2010
3. Expert Discovery Cutoff . . . . .. . . . . . . . July 26, 2010
4. Deadline(s) for Filing Discovery Motions .. . *See* Civil Local Rule 26-2
5. Last Day for Dispositive Motion Hearing[1] . .. . 10:00 a.m. on July 27, 2010
6. Final Pretrial Conference .. 2:00 p.m. on October 19, 2010

**FOR PLAINTIFFS**                                **DAL BON & MARGAIN**

DATED:   April 26, 2010          By:  //s// Tomas E. Margain
                                      **Tomas E. Margain**

**FOR DEFENDANTS ARMANDO VARGAS; JAVIER VARGAS; NOE VARGAS**      **FISHMAN, LARSEN, GOLDRING AND ZEITLER**

DATED:   April 26, 2010          By:  //s// Travis Stokes
                                      **Travis Stokes**

**FOR DEFENDANT EDITH SAUNO**

DATED:   April 26, 2010          By:  //s// Amy Carlson
                                      **Amy Carlson**

# ORDER

Pursuant to the Stipulation of the Parties and Good Cause shown the trial in this matter and pretrial cutoffs are continued as follows:

  1. That the non-jury trial in this matter be continued 90 days to October 25, 2010 ay 9:30 a.m..
  2. Deadline Fact Discovery Cutoff . . . . . .. . July 26, 2010
  3. Expert Discovery Cutoff . . . .. . . . . . . . July 26, 2010
  4. Deadline(s) for Filing Discovery Motions .. . *See* Civil Local Rule 26-2
  5. Last Day for Dispositive Motion Hearing[1] . . . .. 10:00 a.m. on July 27, 2010
  6. Final Pretrial Conference .. 2:00 p.m. on October 19, 2010

IT IS HEREBY ORDERED that the parties shall comply with the Standing Order for Civil Practice in Cases Assigned for All Purposes to Magistrate Judge Patricia V. Trumbull (Rev. June 2008), a copy of which is available from the clerk of the court,[2] with regard to the timing and content of the Joint Pretrial Statement, and all other pretrial submissions.

**IT IS SO ORDERED**

DATED: April 26, 2010

_Patricia V. Trumbull_
Hon. Patricia V. Trumbull
UNITED STATES MAGISTRATE JUDGE