UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE FELIPE RUIZ, ET AL.,      ) | Case No.: C 08-01804 PVT |
|            ) | |
|      Plaintiffs,    ) | **ORDER GRANTING PLAINTIFFS'** |
|            ) | **MOTION TO TESTIFY BY** |
|     v.       ) | **CONTEMPORANEOUS** |
|            ) | **TRANSMISSION FROM A** |
| ARMANDO VARGAS, ET AL.,    ) | **DIFFERENT LOCATION** |
|            ) | **PURSUANT TO RULE 43(a)** |
|      Defendants.   ) | |
| _____) | **[Docket No. 83]** |

Plaintiffs Ramiro Hernandez Parra and Salomon Gomez move to testify at trial by contemporaneous transmission pursuant to Rule 43(a). (collectively "plaintiffs"). To date, no opposition has been filed. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on December 21, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' motion is granted.[1]

Plaintiffs are plumbers and previously resided in Salinas, California. They allege that defendants, *inter alia,* failed to pay certain minimum wages and overtime pursuant to the Fair

_____

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

Labor Standards Act.  Due to the poor economy and lack of employment opportunities for them here, plaintiffs later returned to Mexico.

Plaintiffs state that they lack visas and the financial resources necessary to return to the United States to testify at trial.  Margain Decl., ¶ 3.  Their counsel represents that plaintiffs are interested in pursuing the action and have remained in contact with them.  Margain Decl., ¶¶ 2-3.  Soto Decl., ¶¶ 4-7.  Indeed, plaintiffs appeared by telephone at the settlement conference.

Rule 43(a) states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a).  The advisory committee notes state that:

> the importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.  The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend a trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.

While mindful of the importance of presenting live testimony in court, plaintiffs have shown good cause to allow them to testify at trial by contemporaneous transmission from a different location.  *See, e.g., Darryl L. Dagen v. CFC Group Holdings, LTD, et al.,* 2003 WL 22533425 (S.D.N.Y.).  Plaintiffs have neither the visas nor the financial resources necessary to return to the United States to testify at trial.  These considerations involve more than inconveniences for the witnesses.  Without plaintiffs' testimony, their claims fail.  Accordingly, plaintiffs' motion is granted.  Plaintiffs shall undertake the necessary preparations to allow for them to testify in open court by contemporaneous transmission from a different location and shall bear all attendant costs.[2]

IT IS SO ORDERED.

Dated:

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]  The parties stipulated to continue trial to January 31, 2011.  *See* Docket No. 89.

ORDER, *page 2*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28