UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSE FELIPE RUIZ, ET AL., | ) | Case No.: C 08-01804 PSG |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING DEFENDANT** |
| | ) | **SAUNO'S MOTION TO SET ASIDE** |
| v. | ) | **A DEFAULT** |
| | ) | |
| ARMANDO VARGAS, ET AL., | ) | (Docket No. 106) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Edith Sauno ("Sauno") moves to set aside a default.  Plaintiffs oppose the motion.  On May 3, 2011, the parties appeared for hearing.  Having reviewed the papers and considered the arguments of counsel, Sauno's motion to set aside default is GRANTED.

## I. BACKGROUND

Plaintiffs are construction workers in the plumbing trade who brought claims related to Defendants' failure to pay wages pursuant to the Fair Labor Standards Act.  In the original complaint, Plaintiffs named only Armando Vargas as a defendant.  Vargas, in turn, named Sauno as a defendant in a third-party complaint seeking declaratory relief and indemnity.  He alleged that Sauno was the controller of the business that he owned and that she was solely responsible for ensuring that the employees' wages were fully paid.  In the first amended complaint,

1   Plaintiffs named Sauno, Javier Vargas, and Noe Vargas as co-defendants.[1]

2          On October 18, 2010, the court granted the motion by Sauno's counsel to withdraw.[2]

3   Sauno's counsel sought to withdraw on the grounds that Sauno had failed to maintain regular

4   contact with the law firm and that as a result, it was unable to prepare for trial.[3]  Suano's counsel

5   was ordered to serve Sauno with a copy of the court's order.[4]  On February 8, 2011, Suano did

6   not appear for a pre-trial conference.  On February 15, 2011, Sauno was ordered to show cause

7   why her answer should not be stricken and default entered against her.[5]  Because Sauno failed to

8   respond whatsoever to the order to show cause, her answers to the first amended complaint and

9   third party complaint were stricken.[6]  On March 15, 2011, the clerk entered default against

10  Sauno.[7]

11         Sauno states that she was in Mexico from October 27, 2010 until the end of March 2011.

12  Sauno further states that she was unaware that her counsel had withdrawn and she did not know

13  that she should have appeared for the pre-trial conference.  Finally, Sauno states that she never

14  received the order to show cause.

## II.  LEGAL STANDARD

16         "The court may set aside an entry of default for good cause, and it may set aside a default

17  judgment under Rule 60(b)."[8]  The Ninth Circuit sets forth a three-factor test to determine if

18  "good cause" exists: (1) whether defendant's culpable conduct led to the default; (2) whether

---

[1]      *See* Docket No. 82 (dismissing claims against Defendants Javier Vargas and Noe Vargas following a settlement conference); and Docket No. 94 (dismissing claims against Defendant Armando Vargas after he filed for bankruptcy and after the bankruptcy court granted him discharge).

[2]      *See* Docket No. 90.

[3]      *See id.*

[4]      *See id.*

[5]      *See* Docket No. 102.

[6]      *See* Docket No. 103.

[7]      *See* Docket No. 105.

[8]      *See* Fed. R. Civ. P. 55(c).

defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside.[9]  The party moving to set aside a default bears the burden of showing that these factors favor it.[10]  The *Falk* test is disjunctive, meaning that a court may refuse to set aside a default based on any of the factors.[11]

### III. DISCUSSION

**A.    Culpable Conduct**

The governing standard is that "a [party's] conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."[12]  The Ninth Circuit states that intent in this context means "willful, deliberate, or evidence of bad faith."[13]  It has "typically held that a defendant's conduct was culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."[14]  "When assessing whether the failure to respond was deliberate, willful, or in bad faith, courts may take into consideration the defaulting party's familiarity with legal processes."[15]

Sauno states that she was in Mexico when the court issued the order to show cause and the clerk entered default against her.  She also states that she was unaware that her counsel had withdrawn and had she known, she would have appeared in court and responded to the order to show cause.

Plaintiffs dispute Sauno's lack of constructive notice.  Plaintiffs' counsel mailed the

---

[9]     *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001) (citing *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)).

[10]     *See id.*

[11]     *See Am. Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1108-09 (9th Cir. 2000).

[12]     *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d at 697.

[13]     *See id.*

[14]     *See id.* at 698.

[15]     *Investcorp Retirement Specialists, Inc. v. Ohno,* Case No. C 07-1304 RMW, 2007 WL 2462122, at *3 (N.D. Cal. Aug. 28, 2007).

notice of counsel's withdrawal to Sauno's home in San Juan Bautista prior to her departure to Mexico, and "someone like her husband could have communicated with her or somehow forwarded her mail." Plaintiffs also note that (1) the October 18, 2010 order, (2) the clerk's notice continuing pre-trial and trial dates, and (3) the declaration of Thomas Margain regarding status of litigation for pretrial conference were mailed to Sauno's address in Mexico as well.

Here, there is no evidence that Sauno knew that her counsel's motion to withdraw was pending and later, granted. There is also no evidence that she intentionally failed to respond to the order to show cause and the clerk's entry of default. Sauno represents that she was in Mexico when these events occurred. Plaintiffs' contention that someone like her husband could have communicated with her or forwarded her mail may suggest that she was neglectful, but does not necessarily give rise to any culpable conduct. Sauno has therefore provided a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process."[16]

**B.    Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense."[17] The defendant must show that there is a bona fide chance that she will prevail if the factual allegations are true.

In her two answers, Sauno admits that she was the controller and contends that Plaintiffs were fully compensated for all their work. While the facts do not necessarily demonstrate that Sauno will prevail, they are sufficient to demonstrate that there is a bona fide chance that she would be able to successfully defendant against Plaintiffs' allegations should the facts be proven true.

**C.    Prejudice to Plaintiff**

The final factor to consider is whether vacating the clerk's default would prejudice Plaintiffs. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather the standard is whether [plaintiff's] ability to

---

[16]    *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d at 697-698.

[17]    *See id.* at 700.

1  pursue his claim will be hindered."[18]

2      Here, Plaintiffs are prejudiced only by the delay in resolving the case.  This is not

3  sufficient prejudice to justify not setting aside the default.

4      Sauno has met her burden showing that setting aside default is warranted.

5                      **IV.  CONCLUSION**

6      For the foregoing reasons, Sauno's motion to set aside default is GRANTED.

7      In addition, based on the parties' request at the hearing, this case is referred to U.S.

8  Magistrate Judge Howard R. Lloyd for further settlement conference.  The parties shall contact

9  his courtroom deputy, Patty Cromwell, at (408) 535-5365 to schedule a date before him.

10      IT IS SO ORDERED.

11  Dated: May 4, 2011

12                          _Paul S. Grewal_
                            PAUL S. GREWAL
13                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[18]    *See id.* at 701.

ORDER, *page 5*

A copy of this order was mailed and electronically mailed on May 4, 2011 to the following:

Edith R. Sauno
224 Paseo Gularte
San Juan Bautista, CA 95045

esauno@live.com

_____EHP_____
Chambers of U.S. Magistrate Judge
Paul S. Grewal